# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### AT COLUMBIA

|  |  |
|---|---|
| FLOYD WHITE and HYLIN WHITE, individually and for the benefits of E. W., a minor child under the age of 18, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civ. No.:_____ |
|  | )      JURY DEMANDED |
| WAYFAIR, INC., HANDY TECHNOLOGIES, INC., and ANGI, INC., | ) ) ) |
| Defendants. | ) ) |

## COMPLAINT

The Plaintiffs, Floyd White, Hylin White and E. W., a minor child under the age of 18, for their complaint against the named defendants for personal injuries state as follows:

### I. PARTIES

1. The plaintiffs, Floyd White, Hylin White and E. W., are citizens and residents of Maury County, Tennessee. They reside at 1919 Hildebrand Lane, Columbia, Tennessee 38401.

2. Plaintiffs Floyd White and Hylin White are the natural parents of Plaintiff E. W. (hereinafter E. W. is referred to as "minor plaintiff").

3. The defendant, Wayfair, Inc., is a foreign corporation formed in Delaware and doing business in Tennessee, with its principal office located at 4 Copley Place, Boston, Massachusetts 02116. Defendant Wayfair, Inc. can be served through its agent for service of process, C T Corporation System, located at 155 Federal Street, Suite 700, Boston, Massachusetts 02110.

1

4. The defendant, Handy Technologies, Inc., is a foreign corporation formed in Delaware and doing business in Tennessee, with its principal office located at 555 W. 18th Street, Floor 4, New York, New York 10011-2822. Defendant Handy Technologies, Inc. (hereafter referred to as "Handy") can be served through its agent for service of process, C T Corporation System, located at 300 Montvue Road, Knoxville, Tennessee 37919.

5. The defendant, Angi, Inc., is a foreign corporation formed in Delaware and doing business in Tennessee, with its principal office located at 3601 Walnut Street, Suite 700, Denver, Colorado 80205. Defendant Angi, Inc. can be served through its agent for service of process, C T Corporation System, located at 300 Montvue Road, Knoxville, Tennessee 37919.

6. Defendant Angi, Inc. is the parent company of Defendant Handy.

## II. JURISDICTION AND VENUE

7. Plaintiffs are citizens of Tennessee. Defendant Wayfair, Inc. is incorporated in Delaware and has its principal office in Massachusetts. Defendant Handy is incorporated in Delaware and has its principal office in New York. Defendant Angi, Inc. is incorporated in Delaware and has its principal office in Colorado. Therefore, there is complete diversity of citizenship between the parties.

8. Venue exists in the United States District Court, Middle District of Tennessee at Columbia, pursuant to 28 U.S.C. § 1391(b)(2) (the district in which a substantial part of the events or omissions giving rise to the claim occurred). Venue further exists pursuant to 28 U.S.C. § 1391(b)(2) because the lawsuit arises resulting from an online purchase in which the plaintiffs received and used the online goods at their residence in Columbia, Tennessee.

9. Additionally, diversity of jurisdiction exists based upon diversity of citizenship of the parties and the amount in controversy exceeds $75,000 under 28 U.S.C. § 1332.

2

## III. STATEMENT OF FACTS

10.     On or about April 12, 2024, Plaintiff Floyd White ordered furniture and accessories for his family's new home located at 1919 Hildebrand Lane Columbia, Tennessee 38401.

11.     The furniture and accessory items were ordered online from Defendant Wayfair, Inc., which is an e-commerce company that sells furniture and home goods through their website.

12.     Specifically, Plaintiff Floyd White ordered an Antica Blue 97" Entertainment Hutch, an Antica Blue 97" Entertainment Console, and an Antica Blue 97" Entertainment Piers (hereinafter referred to as the "entertainment center").

13.     According to the information provided by the manufacturer, the weight of the entertainment center was over 300 pounds.

14.     According to the information provided by the manufacturer, the weight of the upper piece of furniture (the Hutch), which was to be attached to the lower stand, was 110 pounds.

15.     At the time that Plaintiff Floyd White ordered the entertainment center, he paid an additional expense for "the white glove delivery" option.

16.     The "white glove delivery" option was chosen and confirmed for delivery for April 19, 2024.

17.     According to Defendant Wayfair, Inc.'s website, at the time that Floyd D. White ordered the entertainment center, the defendant represented that the "white glove delivery" was: "Effortless delivery where the delivery team brings your item(s) inside to a room of your choice, assembles it, and removes the packaging from your home."

3

18. Based upon these representations of Defendant Wayfair, Inc., the plaintiffs reasonably believed that the defendant would ensure that the assembly would be performed properly.

19. The following three items were shipped on April 11, 2024: Antica Blue 97" Entertainment Hutch; Antica Blue 97" Entertainment Console; and Antica Blue 97" Entertainment Piers.

20. These items were paid for in full by a credit card owned by Plaintiff Floyd White.

21. Upon information and belief, and without the knowledge of the plaintiffs, Defendant Wayfair, Inc. contracted with either Defendant Handy or Defendant Angi, Inc. to have their employees and/or agents deliver and install the furniture products that customers order from Defendant Wayfair, Inc.'s website.

22. On April 19, 2024, two individuals who were employees and/or agents of either Defendants Wayfair, Inc., Handy or Angi, Inc., arrived at the plaintiffs' residence with the entertainment center.

23. Plaintiff Hylin White was present on that day during the delivery and assembly of the entertainment center.

24. The two individuals began assembling the entertainment center at approximately 8:00 a.m. that morning and left the plaintiffs' residence within sixty (60) minutes.

25. It appeared to the plaintiffs that the entertainment center had been fully assembled.

26. At no time did either of the workers tell Plaintiff Hylin White or Floyd White that the entertainment center was not completely assembled.

27. At no time did either of the workers tell Plaintiff Hylin White or Floyd White that the entertainment center was dangerous or not to be moved.

4

28. The following day, on April 20, 2024, Plaintiff Floyd White sent pictures to Defendant Wayfair, Inc. of cosmetic defects to the top portion of the entertainment center and asked for a replacement item.

29. Defendant Wayfair, Inc. agreed to send a replacement of the top piece of the entertainment center. This "Antica Blue 97 Entertainment Hutch" was shipped on May 2, 2024.

30. On May 8, 2024, employees and/or agents of Defendants Wayfair, Inc., Handy or Angi, Inc. delivered the hutch.

31. Upon arrival, these employees and/or agents informed the plaintiffs that they were not qualified to assemble the hutch to the rest of the entertainment center, and they left the hutch in the delivery box in the plaintiffs' residence.

32. These employees and/or agents did not inspect the current entertainment center before they left.

33. On May 10, 2024 at 12:35 p.m., Plaintiff Floyd White was contacted by an individual named Derick Jefferson who represented that he was calling on behalf of Defendant Wayfair, Inc. Mr. Jefferson stated that a different team was going to come and fix or reassemble the entertainment center.

34. Plaintiff Floyd White was then contacted about half an hour later by a representative of either Defendant Wayfair, Inc., Handy or Angi, Inc. The representative said they would set up an appointment for the reinstall and assembly; however, when the representative attempted to transfer the call to the assembly group, the call was dropped.

35. At 1:00 p.m., Defendant Wayfair, Inc. sent an email to Plaintiff Floyd White stating that he could schedule his assembly services by going to a website for Handy.com. This was the

first time that the plaintiffs were made aware that Defendants Handy and Angi, Inc. were involved in the delivery and assembly of the entertainment center.

36. Again on May 10, 2024, at 2:19 p.m., Plaintiff Floyd White called Defendant Wayfair, Inc. and spoke with a different representative. This representative stated that she would contact her manager, and that the plaintiff should be contacted within two business days.

37. At 3:31 p.m., Plaintiff Floyd White sent an email to Defendant Wayfair, Inc. requesting a call from a supervisor.

38. Fifteen minutes later, at 3:44 p.m., another representative from Defendant Wayfair, Inc. replied to the email stating that Wayfair would have a management team reach out within one business day.

39. Plaintiff Floyd White responded to the email at 5:15 p.m., stating that he was disconnected from an earlier call, was never able to talk with anyone about scheduling to put this piece together and he was "just tired of getting the runaround."

40. Following this email exchange on May 10, 2024, no management team member or any other employee or agent from Defendant Wayfair, Inc. contacted the plaintiffs about rescheduling a time to assemble the new hutch on the entertainment center.

41. On May 11, 2024, at approximately 9:30 a.m., Plaintiff Floyd White wanted to patch the drywall located behind the entertainment center.

42. Based upon the "white glove delivery" representations, plaintiff Floyd White reasonably believed that the entertainment center had been properly assembled and was able to be adjusted and moved safely.

43. At this time, minor plaintiff E. W. was laying in a flex-type infant chair on the floor in front of the entertainment center.

6

44. In order to gain access to the drywall, Plaintiff Floyd White needed to move the entertainment center a short distance away from the wall.

45. As Plaintiff Floyd White began to move the entertainment center, suddenly and without warning, the top piers and hutch, weighing in excess of 110 pounds, fell forward towards the floor.

46. The top piers and hutch fell because they had not been properly screwed together to the base, nor properly anchored to the wall. Below is a picture of the entertainment center after it fell.



47. The top piers and hutch did fall and crush the six-month-old minor plaintiff, E. W.

48. As a result of this devastating event, the minor plaintiff was rushed to Vanderbilt Medical Center where she underwent surgery for life-threatening injuries.

49. Among the life-threatening injuries suffered by the minor plaintiff were: traumatic brain injury, fractures to the left and right hemisphere of her skull, and a left orbital socket fracture.

7

50. The minor plaintiff remained at Vanderbilt Medical Center for six weeks and Scottish Rite Hospital in Atlanta, Georgia for six additional weeks. Following the initial surgery at Vanderbilt Medical Center, the minor plaintiff was kept at the ICU for two weeks. Below is a picture of the minor plaintiff in the ICU:



51. As a result of the conduct, duties and actions of Defendant Wayfair, Inc., Defendant Handy and Defendant Angi, Inc., the minor plaintiff suffered severe and permanent injuries, and Plaintiffs Floyd White and Hylin White suffered severe mental and emotional damages.

## IV. CAUSE OF ACTION
### A. Negligence of Defendant Wayfair, Inc.

52. Defendant Wayfair, Inc. owed a duty of care to the plaintiffs to ensure the entertainment center was properly assembled and safe for its intended use. This duty arose from the contractual relationship between the parties, Defendant Wayfair, Inc.'s representation of the "white glove delivery" service, and the foreseeable risk of harm from improperly assembled furniture.

8

53. By offering the "white glove delivery" service, Defendant Wayfair, Inc. specifically represented that they would take responsibility for the proper assembly and installation of the entertainment center, creating a reasonable reliance by Plaintiffs that the entertainment center would be properly assembled and safe.

54. This representation of the "white glove delivery" created a reasonable reliance by the plaintiffs that the entertainment center would be safe and properly assembled, thus establishing a duty of care.

55. It was foreseeable that improperly assembled furniture, particularly heavy furniture, would pose a risk of injury to consumers. Defendant Wayfair, Inc., as a furniture retailer, should have been aware of this risk and taken steps to ensure that their product was properly assembled and installed.

56. Defendant Wayfair, Inc. was negligent in failing to deliver, install and assemble the entertainment center pursuant to the "white glove delivery" service that the defendant defined and advertised on its website, and for which the defendant accepted an additional amount of money from the plaintiffs.

57. Defendant Wayfair, Inc. was negligent in failing to hire competent and qualified individuals and/or a company to properly assemble and install their products, specifically in this case the entertainment center.

58. Defendant Wayfair, Inc. was negligent for failing to properly supervise the employees and/or agents who delivered, assembled and installed the furniture that was ordered by Plaintiff Floyd White.

9

59. At all times relevant herein, the workers who delivered, assembled and installed the entertainment center at the plaintiffs' residence were acting in the course and scope of their employment and/or agency relationship with Defendant Wayfair, Inc.

60. At all times relevant herein, the workers who delivered, assembled and installed the entertainment center at the plaintiffs' residence were acting as agents for Defendant Wayfair, Inc.

61. At all times relevant herein, the workers who delivered, assembled and installed the entertainment center at the plaintiffs' residence were performing work for the benefit of Defendant Wayfair, Inc.

62. Defendant Wayfair, Inc. was negligent for failing to timely respond and follow up on numerous requests to rectify the damaged entertainment center that was delivered and not assembled or set up properly.

63. At all time relevant herein, Defendant Wayfair, Inc. was liable for the acts of their employees and/or agents.

64. Defendant Wayfair, Inc. is vicariously liable for all acts of employees and/or agents of other companies that it hired as its agents in the delivery, assembly and installation of products ordered on its website, specifically the entertainment center ordered by the plaintiffs.

65. In the alternative, Defendant Wayfair, Inc. is jointly and severally liable for the injuries and damages to the plaintiffs.

66. Defendant Wayfair, Inc. was negligent in failing to notify and/or warn the plaintiffs that the installation and assembly had not been completed.

67. Defendant Wayfair, Inc. was negligent in failing to notify and/or warn the plaintiffs that the entertainment center was not safe and should not be moved.

68. Defendant Wayfair, Inc. was negligent in sending employees and/or agents to bring a replacement piece for the upper part of the entertainment center who refused to inspect and remedy the defective upper parts of the entertainment center.

69. The negligent actions and conduct of Defendant Wayfair, Inc. was the cause in fact and proximate cause of the damages and injuries to the plaintiffs.

70. As a direct and proximate consequence of Defendant Wayfair, Inc.'s conduct and actions in breaching its duty to the plaintiffs, the minor plaintiff suffered severe and permanent injuries, and Plaintiffs Floyd White and Hylin White suffered severe mental and emotional damages.

**B. Negligence of Defendant Handy and Defendant Angi, Inc.**

71. Defendants Handy and Angi, Inc. owed a duty of care to Plaintiffs to ensure the safe assembly and installation of the entertainment center. As agents of Defendant Wayfair, Inc., Defendants Handy and Angi, Inc. assumed the same duty of care that Defendant Wayfair, Inc. owed to Plaintiffs.

72. Defendants Handy and Angi, Inc., were negligent for failing to hire competent and qualified persons to properly assemble and install the furniture that was ordered by customers of Defendant Wayfair, Inc.

73. Defendants Handy and Angi, Inc. were negligent for failing to properly supervise the employees and/or agents who delivered, assembled and installed the furniture that was ordered by customers of Defendant Wayfair, Inc.

74. Defendants Handy and Angi, Inc. were negligent for failing to have policies and procedures to ensure that the furniture that was delivered, assembled and installed by their employees and/or agents was done properly and safely.

11

75. At all times relevant herein, the workers who delivered, assembled and installed the entertainment center at the plaintiffs' residence were acting in the course and scope of their employment and/or agency relationship with Defendants Handy and Angi, Inc.

76. At all times relevant herein, the workers who delivered, assembled and installed the entertainment center at the plaintiffs' residence were acting as agents for Defendants Handy and Angi, Inc.

77. At all times relevant herein, the workers who delivered, assembled and installed the entertainment center at the plaintiffs' residence were performing work for the benefit of Defendants Handy and Angi, Inc.

78. At all times relevant herein, Defendants Handy and Angi, Inc. were and are vicariously liable for the acts of their employees.

79. In the alternative, Defendants Handy and Angi, Inc. are jointly and severally liable for the injuries and damages sustained by the plaintiffs.

80. Defendants Handy and Angi, Inc. were negligent in failing to notify and/or warn the plaintiffs that the installation and assembly had not been completed.

81. Defendants Handy and Angi, Inc. were negligent in failing to notify and/or warn the plaintiffs that the entertainment center was not safe and should not be moved.

82. Defendants Handy and Angi, Inc., were negligent in sending employees and/or agents to bring a replacement piece for the upper part of the entertainment center who refused to inspect and remedy the defective upper parts of the entertainment center.

83. The negligent actions and conduct of Defendants Handy and Angi, Inc. were the cause in fact and proximate cause of the damages and injuries to the plaintiffs.

12

84. As a direct and proximate consequence of Defendants Handy and Angi, Inc.'s conduct and actions in breaching its duty to the plaintiffs, the minor plaintiff suffered severe and permanent injuries, and Plaintiffs Floyd White and Hylin White suffered severe mental and emotional damages.

## V. DAMAGES

85. As a direct and proximate result of the conduct, actions and duties of the defendants, the minor plaintiff, E. W., suffered and is therefore entitled to recover for the following damages: (i) physical suffering in the past; (ii) mental suffering in the past; (iii) physical suffering in the future; (iv) mental suffering in the future; (v) permanent impairment; (vi) loss of earning capacity; (vii) loss of capacity for the enjoyment of life; (viii) medical expenses in the past; and (ix) medical expenses in the future.

86. As a direct and proximate result of the conduct, actions and duties of the defendants, Plaintiffs Floyd White and Hylin White suffered and are therefore entitled to recover for the following damages: (i) mental pain and suffering in the past; (ii) mental pain and suffering in the future; (iii) loss of consortium; (iv) medical expenses; and (v) out of pocket expenses.

## VI. PRAYER FOR RELIEF

WHEREFORE, the plaintiffs respectfully request this Honorable Court to grant relief as follows:

a. That service of process issue forth upon the defendants requiring them to answer this Complaint within the time required by law;

b. Award compensatory damages against all Defendants pursuant to the claims brought in the amount not to exceed $60,000,000.00;

c. Award prejudgment and post judgment interest as permitted by law;

13

d.     That a  jury hear this cause;

e.     Award general costs of this action including discretionary costs; and

f.     Award any other or further relief to which he may be entitled and that the defendants be taxed with the costs of this cause, including all costs and expenses incurred as a result of the preparation and presentation of the plaintiffs' claims.

Respectfully submitted this 27th day of September, 2024.

/s/ Tony Seaton
Tony Seaton  (BPR# 7279)
**GARZA LAW FIRM, PLLC**
118 E. Watauga Avenue
Johnson City, Tennessee 37601
E-mail:  tseaton@garzalaw.com
Phone:  (423) 612-1987
Fax:    (423) 282-0967
*Counsel for Plaintiffs*