# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

FLOYD WHITE and HYLIN WHITE, )
individually and for the benefits of E.W., a )
minor child under the age of 18, ) No.: 1:24-CV-00094
)
    Plaintiffs, ) JURY DEMANDED
v. )
) Chief Judge: William L. Campbell, Jr
WAYFAIR, INC., HANDY )
TECHNOLOGIES, INC., and ANGI, ) Magistrate Judge: Barbara D. Holmes
INC., )
    Defendants. )
)

## ANSWER OF DEFENDANT WAYFAIR, INC.

**COMES NOW** the Defendant, Wayfair, Inc., by and through counsel, (hereinafter referred to as "Wayfair" or "Defendant") and for answer to the Complaint asserted against it would state as follows:

1. Wayfair is without sufficient knowledge or information with which to admit or deny the allegations set forth in paragraph 1 of Plaintiffs' Complaint, and therefore neither admits nor deny same but demands strict proof thereof if deemed relevant.

2. Wayfair is without sufficient knowledge or information with which to admit or deny the allegations set forth in paragraph 2 of Plaintiffs' Complaint, and therefore neither admits nor deny same but demands strict proof thereof if deemed relevant.

3. Wayfair admits the allegations set forth in paragraph 3 of Plaintiffs' Complaint.

4.	The allegations set forth in paragraph 4 of Plaintiffs' Complaint are directed at a Defendant other than Wayfair; therefore, no response is required of this Defendant to those allegations.

5.	The allegations set forth in paragraph 5 of Plaintiffs' Complaint are directed at a Defendant other than Wayfair; therefore, no response is required of this Defendant to those allegations.

6.	The allegations set forth in paragraph 6 of Plaintiffs' Complaint are directed at a Defendant other than Wayfair; therefore, no response is required of this Defendant to those allegations.

7.	Wayfair is without sufficient knowledge or information with which to admit or deny the allegations set forth in sentence one of paragraph 7 of Plaintiffs' Complaint, and therefore neither admits nor denies same, but demands strict proof thereof if deemed relevant. Wayfair admits the allegations set forth in sentence two. Wayfair is without sufficient knowledge or information with which to admit or deny the allegations set forth in sentences three and four, and therefore neither admits nor denies same, but demands strict proof thereof if deemed relevant. Wayfair admits the allegations in sentence five.

8.	Wayfair admits the allegations set forth in paragraph 8 of Plaintiffs' Complaint and demands strict proof thereof if deemed relevant.

9.	Wayfair admits the allegations set forth in paragraph 9 of Plaintiffs' Complaint.

10.	In response to the allegations set forth in paragraph 10 of Plaintiffs' Complaint, Wayfair admits that Mr. White ordered items from it on April 11, 2024. Wayfair is without sufficient knowledge or information which to admit or deny the remaining allegations, and therefore neither admits nor denies same, but demands strict proof thereof if deemed relevant.

2

11. Wayfair denies the allegations set forth in paragraph 11 and demands strict proof thereof if deemed relevant.

12. Wayfair admits the allegations set forth in paragraph 12 of Plaintiffs' Complaint.

13. Wayfair is without sufficient knowledge or information with which to admit or deny the allegations set forth in paragraph 13 of Plaintiffs' Complaint, and therefore neither admits nor denies same, but demands strict proof thereof if deemed relevant.

14. Wayfair is without sufficient knowledge or information with which to admit or deny the allegations set forth in paragraph 14 of Plaintiffs' Complaint, and therefore neither admits nor denies same, but demands strict proof thereof if deemed relevant.

15. Wayfair denies the allegations set forth in paragraph 15 and demands strict proof thereof if deemed relevant.

16. Wayfair admits the allegations set forth in paragraph 16 of Plaintiffs' Complaint.

17. Wayfair denies the allegations set forth in paragraph 17 and demands strict proof thereof if deemed relevant.

18. Wayfair is without sufficient knowledge or information with which to admit or deny the allegations set forth in paragraph 18 of Plaintiffs' Complaint, and therefore neither admits nor denies same, but demands strict proof thereof if deemed relevant.

19. Wayfair admits that the three items were shipped in April of 2024.

20. Wayfair admits the allegations set forth in paragraph 20 of Plaintiffs' Complaint to the extent that the items were paid for in full and with regard to the remaining allegations is without sufficient knowledge or information with which to admit or deny, and therefore neither admits nor denies same, but demands strict proof thereof if deemed relevant.

3

21. Wayfair denies the allegations set forth in paragraph 21 and demands strict proof thereof if deemed relevant.

22. Wayfair denies the allegations set forth in paragraph 22 and demands strict proof thereof if deemed relevant.

23. Wayfair is without sufficient knowledge or information with which to admit or deny the allegations set forth in paragraph 23 of Plaintiffs' Complaint, and therefore neither admits nor denies same, but demands strict proof thereof if deemed relevant.

24. Wayfair is without sufficient knowledge or information with which to admit or deny the allegations set forth in paragraph 24 of Plaintiffs' Complaint, and therefore neither admits nor denies same, but demands strict proof thereof if deemed relevant.

25. Wayfair is without sufficient knowledge or information with which to admit or deny what appeared to the Plaintiffs at the time set forth in paragraph 25 of Plaintiffs' Complaint, and therefore neither admits nor denies same, but demands strict proof thereof if deemed relevant.

26. Wayfair is without sufficient knowledge or information with which to admit or deny the allegations set forth in paragraph 26 of Plaintiffs' Complaint, and therefore neither admits nor denies same, but demands strict proof thereof if deemed relevant.

27. Wayfair is without sufficient knowledge or information with which to admit or deny the allegations set forth in paragraph 27 of Plaintiffs' Complaint, and therefore neither admits nor denies same, but demands strict proof thereof if deemed relevant.

28. Wayfair denies the allegations set forth in paragraph 28 and demands strict proof thereof if deemed relevant.

29. Wayfair denies the allegations set forth in paragraph 29 and demands strict proof thereof if deemed relevant.

4

30.	Wayfair denies the allegations set forth in paragraph 30 and demands strict proof thereof if deemed relevant.

31.	Wayfair is without sufficient knowledge or information with which to admit or deny the allegations set forth in paragraph 31 of Plaintiffs' Complaint, and therefore neither admits nor denies same, but demands strict proof thereof if deemed relevant.

32.	Wayfair is without sufficient knowledge or information with which to admit or deny the allegations set forth in paragraph 32 of Plaintiffs' Complaint, and therefore neither admits nor denies same, but demands strict proof thereof if deemed relevant.

33.	Wayfair denies the allegations set forth in paragraph 33 and demands strict proof thereof if deemed relevant.

34.	Wayfair denies the allegations set forth in paragraph 34 and demands strict proof thereof if deemed relevant.

35.	Wayfair denies the allegations set forth in paragraph 35 and demands strict proof thereof if deemed relevant.

36.	Wayfair denies the allegations set forth in paragraph 36 and demands strict proof thereof if deemed relevant.

37.	Wayfair denies the allegations set forth in paragraph 37 and demands strict proof thereof if deemed relevant.

38.	Wayfair denies the allegations set forth in paragraph 38 and demands strict proof thereof if deemed relevant.

39.	Wayfair denies the allegations set forth in paragraph 39 and demands strict proof thereof if deemed relevant.

40. Wayfair denies the allegations set forth in paragraph 40 of Plaintiffs' Complaint and demands strict proof thereof if deemed relevant.

41. Wayfair is without knowledge or information with which to admit or deny the allegations set forth in paragraph 41 of Plaintiffs' Complaint, and therefore neither admits nor denies same, but demands strict proof thereof if relevant.

42. Wayfair is without knowledge or information with which to admit or deny the allegations set forth in paragraph 42 of Plaintiffs' Complaint, and therefore neither admits nor denies same, but demands strict proof thereof if relevant.

43. Wayfair is without knowledge or information with which to admit or deny the allegations set forth in paragraph 43 of Plaintiffs' Complaint, and therefore neither admits nor denies same, but demands strict proof thereof if relevant.

44. Wayfair is without knowledge or information with which to admit or deny the allegations set forth in paragraph 44 of Plaintiffs' Complaint, and therefore neither admits nor denies same, but demands strict proof thereof if relevant.

45. Wayfair is without knowledge or information with which to admit or deny the allegations set forth in paragraph 45 of Plaintiffs' Complaint, and therefore neither admits nor denies same, but demands strict proof thereof if relevant.

46. Wayfair denies the allegations set forth in paragraph 46 of Plaintiffs' Complaint and demands strict proof thereof if relevant.

47. Wayfair is without knowledge or information with which to admit or deny the allegations set forth in paragraph 47 of Plaintiffs' Complaint, and therefore neither admits nor denies same, but demands strict proof thereof if relevant.

6

48. Wayfair is without sufficient knowledge or information which to admit or deny the allegations of injuries or damages set forth in paragraph 48 of Plaintiffs' Complaint, and therefore neither admits nor denies same, but demands strict proof thereof if deemed relevant. All contrary allegations are denied, and strict proof is demanded thereof if deemed relevant.

49. Wayfair is without sufficient knowledge or information with which to admit or deny the allegations of injuries or damages set forth in paragraph 49 of Plaintiffs' Complaint, and therefore neither admits nor denies same, but demands strict proof thereof if deemed relevant.

50. Wayfair is without sufficient knowledge or information with which to admit or deny the allegations of injuries or damages set forth in paragraph 50 of Plaintiffs' Complaint, and therefore neither admits nor denies same, but demands strict proof thereof if deemed relevant.

51. Wayfair denies the allegations of injuries or damages set forth in paragraph 51 of Plaintiffs' Complaint, and demands strict proof thereof if deemed relevant.

52. The allegations set forth in paragraph 52 of Plaintiffs' Complaint, assert legal conclusions to which no responses required of this Defendant.

53. Wayfair denies the allegations set forth in paragraph 53 of Plaintiffs' Complaint and demands strict proof thereof if deemed relevant.

54. Wayfair denies the allegations set forth in paragraph 54 and demands strict proof thereof if deemed relevant.

55. The allegations set forth in paragraph 55 of Plaintiffs' Complaint are denied as they are presented and strict proof as demanded thereof if deemed relevant.

56. Wayfair denies the allegations set forth in paragraph 56 of Plaintiffs' Complaint and demands strict proof thereof if deemed relevant.

57.     Wayfair denies the allegations set forth in paragraph 57 of Plaintiffs' Complaint and demands strict proof thereof if deemed relevant.

58.     Wayfair denies the allegations set forth in paragraph 58 of Plaintiffs' Complaint and demands strict proof thereof if deemed relevant.

59.     Wayfair denies the allegations set forth in paragraph 59 of Plaintiffs' Complaint and demands strict proof thereof if deemed relevant.

60.     Wayfair denies the allegations set forth in paragraph 60 of Plaintiffs' Complaint and demands strict proof thereof if deemed relevant.

61.     Wayfair denies the allegations set forth in paragraph 61 of Plaintiffs' Complaint and demands strict proof thereof if deemed relevant.

62.     Wayfair denies the allegations set forth in paragraph 62 of Plaintiffs' Complaint and demands strict proof thereof if deemed relevant.

63.     The allegations set forth in paragraph 63 of Plaintiffs' Complaint assert legal conclusions to which no response is required of this Defendant. To the extent response is deemed to be required, Wayfair denies that its employees or agents delivered, assembled or installed the entertainment center referred to in the Complaint, and strict proof is demanded thereof if deemed relevant.

64.     Wayfair denies the allegations set forth in paragraph 64 of Plaintiffs' Complaint and demands strict proof thereof if deemed relevant.

65.     Wayfair denies the allegations set forth in paragraph 65 of Plaintiffs' Complaint and demands strict proof thereof if deemed relevant.

66.     Wayfair denies the allegations set forth in paragraph 66 of Plaintiffs' Complaint and demands strict proof thereof if deemed relevant.

8

67. Wayfair denies the allegations set forth in paragraph 67 of Plaintiffs' Complaint and demands strict proof thereof if deemed relevant.

68. Wayfair denies the allegations set forth in paragraph 68 of Plaintiffs' Complaint and demands strict proof thereof if deemed relevant.

69. Wayfair denies the allegations set forth in paragraph 69 of Plaintiffs' Complaint and demands strict proof thereof if deemed relevant.

70. Wayfair denies the allegations set forth in paragraph 70 of Plaintiffs' Complaint and demands strict proof thereof if deemed relevant.

71. To the extent the allegations set forth in paragraph 71 are directed at Wayfair, those allegations are denied, and strict proof is demanded if deemed relevant. To the extent they are directed at Defendants other than Wayfair, no response is required of this Defendant.

72. The allegations set forth in paragraph 72 are directed at a Defendant other than Wayfair; therefore, no response is required of this Defendant to those allegations.

73. The allegations set forth in paragraph 73 are directed at a Defendant other than Wayfair; therefore, no response is required of this Defendant to those allegations.

74. The allegations set forth in paragraph 74 are directed at a Defendant other than Wayfair; therefore, no response is required of this Defendant to those allegations.

75. The allegations set forth in paragraph 75 are directed at a Defendant other than Wayfair; therefore, no response is required of this Defendant to those allegations.

76. The allegations set forth in paragraph 76 are directed at a Defendant other than Wayfair; therefore, no response is required of this Defendant to those allegations.

77. The allegations set forth in paragraph 77 are directed at a Defendant other than Wayfair; therefore, no response is required of this Defendant to those allegations.

9

78.     The allegations set forth in paragraph 78 are directed at a Defendant other than Wayfair; therefore, no response is required of this Defendant to those allegations.

79.     The allegations set forth in paragraph 79 are directed at a Defendant other than Wayfair; therefore, no response is required of this Defendant to those allegations.

80.     The allegations set forth in paragraph 80 are directed at a Defendant other than Wayfair; therefore, no response is required of this Defendant to those allegations.

81.     The allegations set forth in paragraph 81 are directed at a Defendant other than Wayfair; therefore, no response is required of this Defendant to those allegations.

82.     The allegations set forth in paragraph 82 are directed at a Defendant other than Wayfair; therefore, no response is required of this Defendant to those allegations.

83.     The allegations set forth in paragraph 83 are directed at a Defendant other than Wayfair; therefore, no response is required of this Defendant to those allegations.

84.     The allegations set forth in paragraph 84 are directed at a Defendant other than Wayfair; therefore, no response is required of this Defendant to those allegations.

85.     Wayfair denies the allegations set forth in paragraph 85 of and strict proof is demanded thereof if deemed relevant.

86.     Wayfair denies the allegations set forth in paragraph 86 of Plaintiffs' Complaint, and strict proof is demanded thereof if deemed relevant.

87.     In response to paragraph VI captioned "**<u>PRAYER FOR RELIEF</u>**" this Defendant denies the allegations set forth in subparagraphs a-c and e-f.  This Defendant also demands a jury to try all aspects of this case.

88.     All aspects of the Complaint not hereinabove admitted, denied, or explained are hereby denied, and strict proof is demanded thereof if deemed relevant.

## AFFIRMATIVE DEFENSES

1. Wayfair asserts that Plaintiffs' claim, in whole or in part, fails to state a claim upon which relief can be granted.

2. This Defendant denies that Plaintiff is entitled to the relief prayed for in the Complaint from these Defendants.

3. This Defendant affirmatively asserts, if proven applicable through investigation and discovery under the doctrine of comparative fault, that Plaintiffs, Floyd White and Hylin White, failed to exercise ordinary care for the minor's safety and that such negligence bars them from recovery and reduces any damage award that may be received by the percentage of their own negligence. The value of the minor's claims is reduced or barred by the parents' negligence.

4. This Defendant relies upon the doctrine of comparative fault to reduce or completely bar Plaintiffs' right to recovery as to this Defendant. Likewise, to the extent Defendants not yet otherwise identified were responsible for the injuries and damages, this Defendant reserves the right to amend its answer at a later date. Specifically, and at this time, this Defendant asserts the comparative fault of Supreme Final Mile, Inc. which delivered, assembled, and installed the furniture.

5. This Defendant asserts that its investigation of this matter is not yet complete, and therefore, any and all affirmative defenses that may be developed during investigation and discovery will be relied upon by this Defendant at the trial of this case.

6. This Defendant specifically reserves the right to amend this answer and plead additional facts and or defenses, including affirmative defenses, which may be supported by said

11

investigation and discovery. To the extent facts are developed that justify reliance thereon, this Defendant pleads and relies upon the defenses of assumption of the risk, independent and intervening causes, acts of third persons, preexisting conditions, and/or failure to mitigate damages.

7. Defendant asserts all available rights to pursue arbitration.

8. Defendant asserts the protections set forth in Title 29 of Tennessee Code Annotated regarding the limitations on civil damage awards.

**WHEREFORE**, Wayfair, Inc. denies that it is liable to the Plaintiffs in any amount and respectfully requests that this Defendant be dismissed from this action with costs taxed to the Plaintiff and further demands a jury to try this case.

**RESPECTFULLY SUBMITTED,**

**LONDON FISCHER, LLP**

*/s/John J. McDonough*
**JOHN J. MCDONOUGH,**
**NEW YORK STATE BAR NO. 1690882**
59 Maiden Lane
New York, NY 10038
(212) 331-9450
Email: jmcdonough@londonfischer.com

**-and-**

**LEWIS THOMASON, PC.**

*/s/John R. Tarpley*
**JOHN R. TARPLEY, (BPR # 009661)**
LEWIS THOMASON, P.C.
424 Church Street, Suite 2500
Nashville, TN 37219
e-mail: jtarpley@lewisthomason.com
direct line: (615) 259-1395

*Attorneys for Defendant Wayfair, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 14th day of February 2025, a copy of the foregoing Answer of Wayfair, Inc. was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

Tony Seaton, Esq.
Garza Law Firm
118 East Watauga Avenue
Johnson City, TN 37601
423-282-1041
Fax: 423-282-0967
Email: tseaton@garzalaw.com

*/s/John R. Tarpley*
John R. Tarpley