| | | |
|---|---|---|
| Floyd White, et al. | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | Case No.: 1:24-cv-00094 |
| | ) | |
| Wayfair, Inc., et al. | ) | Chief Judge William L. Campbell, Jr. |
| | ) | |
| Defendants | ) | Magistrate Judge Barbara D. Holmes |

## PLAINTIFFS' AMENDED COMPLAINT

The Plaintiffs, Floyd White, Hylin White and E. W., a minor child under the age of 18, for their amended complaint against the named defendants for personal injuries state as follows:

## I.  PARTIES

1.      The plaintiffs, Floyd White, Hylin White and E. W., are citizens and residents of Maury County, Tennessee.   They reside at 1919 Hildebrand Lane, Columbia, Tennessee 38401.

2.      Plaintiffs Floyd White and Hylin White are the natural parents of Plaintiff E. W. (hereinafter E. W. is referred to as "minor plaintiff").

3.      The defendant, Wayfair, Inc., is a foreign corporation formed in Delaware and doing business in Tennessee, with its principal office located at 4 Copley Place, Boston, Massachusetts 02116.  Defendant Wayfair, Inc. can be served through its agent for service of process, C T Corporation System, located at 155 Federal Street, Suite 700, Boston, Massachusetts 02110.

4.      The defendant, Supreme Final Mile, Inc., is a corporation with its principal place of business at 100 Congress Ave., Suite 2000, Austin, TX 78701. Supreme Final Mile, Inc. can

1

be served through its registered agent for service of process, Registered Agents, Inc., located at 6545 Market Avenue N., Ste. 100, Canton, OH 44721-2430.

## II.  JURISDICTION AND VENUE

5.     Plaintiffs are citizens of Tennessee.  Defendant Wayfair, Inc. is incorporated in Delaware and has its principal office in Massachusetts.  Defendant Supreme Final Mile, Inc. is incorporated in Texas and also has its principal office in Texas.  Therefore, there is complete diversity of citizenship between the parties.

6.     Venue exists in the United States District Court, Middle District of Tennessee at Columbia, pursuant to 28 U.S.C. § 1391(b)(2) (the district in which a substantial part of the events or omissions giving rise to the claim occurred).  Venue further exists pursuant to 28 U.S.C. § 1391(b)(2) because the lawsuit arises resulting from an online purchase in which the plaintiffs received and used the online goods at their residence in Columbia, Tennessee.

7.     Additionally, diversity of jurisdiction exists based upon diversity of citizenship of the parties and the amount in controversy exceeds $75,000 under 28 U.S.C. § 1332.

## III.  STATEMENT OF FACTS

8.     On or about April 12, 2024, Plaintiff Floyd White ordered furniture and accessories for his family's new home located at 1919 Hildebrand Lane Columbia, Tennessee 38401.

9.     The furniture and accessory items were ordered online from Defendant Wayfair, Inc., which is an e-commerce company that sells furniture and home goods through their website.

2

10. Specifically, Plaintiff Floyd White ordered an Antica Blue 97" Entertainment Hutch, an Antica Blue 97" Entertainment Console, and an Antica Blue 97" Entertainment Piers (hereinafter referred to as the "entertainment center").

11. According to the information provided by the manufacturer, the weight of the entertainment center was over 300 pounds.

12. According to the information provided by the manufacturer, the weight of the upper piece of furniture (the Hutch), which was to be attached to the lower stand, was 110 pounds.

13. At the time that Plaintiff Floyd White ordered the entertainment center, he paid an additional expense for "the white glove delivery" option.

14. The "white glove delivery" option was chosen and confirmed for delivery for April 19, 2024.

15. According to Defendant Wayfair, Inc.'s website, at the time that Floyd D. White ordered the entertainment center, the defendant represented that the "white glove delivery" was: "Effortless delivery where the delivery team brings your item(s) inside to a room of your choice, assembles it, and removes the packaging from your home."

16. Based upon these representations of Defendant Wayfair, Inc., the plaintiffs reasonably believed that the defendant would ensure that the assembly would be performed properly.

17. The following three items were shipped on April 11, 2024: Antica Blue 97" Entertainment Hutch; Antica Blue 97" Entertainment Console; and Antica Blue 97" Entertainment Piers.

18. These items were paid for in full by a credit card owned by Plaintiff Floyd White.

3

19. Upon information and belief, and without the knowledge of the plaintiffs, Defendant Wayfair, Inc. contracted with Defendant Supreme Final Mile, Inc. to have their employees and/or agents deliver and install the furniture products that customers order from Defendant Wayfair, Inc.'s website.

20. On April 19, 2024, two individuals who were employees and/or agents of either Defendants Wayfair, Inc., and/or Supreme Final Mile, Inc., arrived at the plaintiffs' residence with the entertainment center.

21. Plaintiff Hylin White was present on that day during the delivery and assembly of the entertainment center.

22. The two individuals began assembling the entertainment center at approximately 8:00 a.m. that morning and left the plaintiffs' residence within sixty (60) minutes.

23. The entertainment center had been set up by the assembly personnel such that it had the appearance that it was fully assembled.

24. At no time did either of the workers tell Plaintiff Hylin White or Floyd White that the entertainment center was not completely assembled.

25. At no time did either of the workers tell Plaintiff Hylin White or Floyd White that the entertainment center was dangerous or not to be moved.

26. The following day, on April 20, 2024, Plaintiff Floyd White sent pictures to Defendant Wayfair, Inc. of cosmetic defects to the top portion of the entertainment center and asked for a replacement item.

27. Defendant Wayfair, Inc. agreed to send a replacement of the top piece of the entertainment center. This "Antica Blue 97 Entertainment Hutch" was shipped on May 2, 2024.

4

28. On May 8, 2024, employees and/or agents of Defendants Wayfair, Inc., and/or Supreme Final Mile, Inc. delivered the hutch.

29. Upon arrival, these employees and/or agents informed the plaintiffs that they were not qualified to assemble the hutch to the rest of the entertainment center, and they left the hutch in the delivery box in the plaintiffs' residence.

30. These employees and/or agents did not inspect the current entertainment center before they left.

31. On May 10, 2024 at 12:35 p.m., Plaintiff Floyd White was contacted by an individual named Derick Jefferson who represented that he was calling on behalf of Defendant Wayfair, Inc. Mr. Jefferson stated that a different team was going to come and fix or reassemble the entertainment center.

32. Plaintiff Floyd White was then contacted about half an hour later by a representative of either Defendant Wayfair, Inc., or Supreme Final Mile, Inc. The representative said they would set up an appointment for the reinstall and assembly; however, when the representative attempted to transfer the call to the assembly group, the call was dropped.

33. At 1:00 p.m., Defendant Wayfair, Inc. sent an email to Plaintiff Floyd White stating that he could schedule his assembly services by going to a website for Handy.com.

34. Again on May 10, 2024, at 2:19 p.m., Plaintiff Floyd White called Defendant Wayfair, Inc. and spoke with a different representative. This representative stated that she would contact her manager, and that the plaintiff should be contacted within two business days.

35. At 3:31 p.m., Plaintiff Floyd White sent an email to Defendant Wayfair, Inc. requesting a call from a supervisor.

5

36.     Fifteen minutes later, at 3:44 p.m., another representative from Defendant Wayfair, Inc. replied to the email stating that Wayfair would have a management team reach out within one business day.

37.     Plaintiff Floyd White responded to the email at 5:15 p.m., stating that he was disconnected from an earlier call, was never able to talk with anyone about scheduling to put this piece together and he was "just tired of getting the runaround."

38.     Following this email exchange on May 10, 2024, no management team member or any other employee or agent from Defendant Wayfair, Inc. contacted the plaintiffs about rescheduling a time to assemble the new hutch on the entertainment center.

39.     On May 11, 2024, at approximately 9:30 a.m., Plaintiff Floyd White wanted to patch the drywall located behind the entertainment center.

40.     Based upon the "white glove delivery" representations, plaintiff Floyd White reasonably believed that the entertainment center had been properly assembled and was able to be adjusted and moved safely.

41.     At this time, minor plaintiff E. W. was laying in a flex-type infant chair on the floor in front of the entertainment center.

42.     In order to gain access to the drywall, Plaintiff Floyd White needed to move the entertainment center a short distance away from the wall.

43.      As Plaintiff Floyd White began to move the entertainment center, suddenly and without warning, the top piers and hutch, weighing in excess of 110 pounds, fell forward towards the floor.

6

44. The top piers and hutch fell because they had not been properly screwed together to the base, nor properly anchored to the wall. Below is a picture of the entertainment center after it fell.



45. The top piers and hutch did fall and crush the six-month-old minor plaintiff, E. W.

46. As a result of this devastating event, the minor plaintiff was rushed to Vanderbilt Medical Center where she underwent surgery for life-threatening injuries.

47. Among the life-threatening injuries suffered by the minor plaintiff were: traumatic brain injury, fractures to the left and right hemisphere of her skull, and a left orbital socket fracture.

48. The minor plaintiff remained at Vanderbilt Medical Center for six weeks and Scottish Rite Hospital in Atlanta, Georgia for six additional weeks. Following the initial surgery at Vanderbilt Medical Center, the minor plaintiff was kept at the ICU for two weeks. Below is a picture of the minor plaintiff in the ICU:



49. As a result of the conduct, duties and actions of Defendants Wayfair, Inc. and Supreme Final Mile, Inc., the minor plaintiff suffered severe and permanent injuries, and Plaintiffs Floyd White and Hylin White suffered severe mental and emotional damages.

## IV.  CAUSE OF ACTION
### A.  Negligence of Defendant Wayfair, Inc.

49. Defendant Wayfair, Inc. owed a duty of care to Plaintiffs to ensure the safe delivery, assembly, and installation of the entertainment center. This duty arose from the contractual relationship established by Plaintiffs' purchase, Wayfair's express and implied representations regarding the "white glove delivery" service, and the foreseeable risk of harm from improperly assembled heavy furniture.

**BREACH OF DUTY: FAILURE TO PROVIDE SAFE ASSEMBLY**

50. Defendant Wayfair, Inc. breached its duty of care by failing to provide safe assembly and installation of the entertainment center, despite explicitly marketing and charging extra for its "white glove delivery" service promising a safe and properly assembled product.

8

This failure created a reasonable reliance by Plaintiffs on a safe installation, which was directly violated by Wayfair's actions.

51.     Defendant Wayfair, Inc.'s representation of a safe "white glove delivery" service created a foreseeable risk of harm if the service failed to meet its promised standards. Defendant Wayfair, Inc., as a furniture retailer, should have been aware of the significant risk of injury from improperly assembled heavy furniture and taken steps to ensure its service met those safety standards. This failure to mitigate foreseeable risk is negligence.

**BREACH OF DUTY: HIRING AND SUPERVISION**

52.     Defendant Wayfair, Inc. was negligent in failing to hire, train, and supervise competent and qualified individuals or companies to perform the assembly and installation of the entertainment center as promised by its "white glove delivery" service. Its failure to do so led directly to the defects and subsequent harm.

**BREACH OF DUTY: FAILURE TO RESPOND TO CONCERNS**

53.     Defendant Wayfair, Inc. negligently failed to promptly and adequately respond to and remedy Plaintiffs' concerns regarding the improperly assembled entertainment center, exacerbating the unsafe conditions and increasing the risk of harm.  This inaction demonstrates a further breach of its duty of care to provide a safe product and service.

**VICARIOUS LIABILITY**

54.     At all times relevant herein, the workers who delivered, assembled, and installed the entertainment center were acting within the course and scope of their employment or agency relationship with Defendant Wayfair, Inc., or companies hired by Defendant Wayfair, Inc.

55.     Defendant Wayfair, Inc. is vicariously liable for the negligent acts of its employees and/or those of companies it engaged to perform its "white glove delivery" service.

9

**JOINT AND SEVERAL LIABILITY**

56.     In the alternative, Defendant Wayfair, Inc. is jointly and severally liable for the injuries and damages sustained by the Plaintiffs.

**PROXIMATE CAUSE**

57.     Defendant Wayfair, Inc. had a duty of care to ensure that the furniture it provided was safely installed.   The defendant further had a duty to ensure that companies it contracted with to deliver and install its furniture properly hired, trained and supervised competent and qualified employees.  Defendant's failure to ensure that its furniture was properly and safely delivered and installed in the plaintiffs' home constitutes a breach of this duty, leading directly to the injuries suffered by Plaintiffs.

58.     The negligent actions and conduct of Defendant Wayfair, Inc. was the cause in fact and proximate cause of the damages and injuries to the plaintiffs.

59.     As a direct and proximate consequence of Defendant Wayfair, Inc.'s conduct and actions in breaching its duty to the plaintiffs, the minor plaintiff suffered severe and permanent injuries, and Plaintiffs Floyd White and Hylin White suffered severe mental and emotional damages.

### B. Negligence of Defendant Supreme Final Mile, Inc.

60.     Defendant Supreme Final Mile, Inc. represented on its website that they "ensure our customer's order is received safely, on time, and according to their specific instructions."

61.     Defendant Supreme Final Mile, Inc. also represented on its website that: "Supreme Final Mile partners with experienced professionals to provide services that include the safe and responsible installation and assembly of a wide variety of products including ready-to-assemble furniture for the home and patio."

10

62. Defendant Supreme Final Mile, Inc. owed a duty of care to Plaintiffs to ensure the safe assembly and installation of the entertainment center. This duty arose from its contract with Defendant Wayfair, Inc., and from its express representations of safe and responsible installation on its website.

**DIRECT NEGLIGENCE: IMPROPER HIRING, TRAINING AND SUPERVISION OF PERSONNEL**

63. Defendant Supreme Final Mile, Inc. was negligent in its hiring, training, and supervision of the personnel it dispatched to assemble and install the entertainment center. The individuals were demonstrably incompetent, lacking the skills and knowledge necessary to perform the work safely and properly. This negligence is evidenced by the fact that the unit was never properly assembled and the safety anti-tipping furniture straps were in the original bags stapled to the back of the columns after they fell.

**BREACH OF DUTY: INADEQUATE ASSEMBLY**

64. Defendant Supreme Final Mile, Inc., in direct violation of its website's promise of "safe and responsible installation," negligently assembled the entertainment center. Specifically, they failed to properly secure the top piers and hutch to the base and the wall, as evidenced by the fact that the unit was never properly assembled and the safety anti-tipping furniture straps were in the original bags stapled to the back of the columns after they fell.

65. This failure to adhere to accepted industry standards for furniture assembly directly caused the subsequent collapse of the unit.

**BREACH OF DUTY: FAILURE TO INSPECT**

66. Defendant Supreme Final Mile, Inc.'s employees failed to perform a proper inspection of the assembled entertainment center prior to leaving the Plaintiffs' residence. This constitutes a breach of their duty of care, given their website's representation of services that

11

include "safe and responsible installation." Had a proper inspection been conducted, the dangerously unstable condition of the entertainment center would have been identified and corrected.

**BREACH OF DUTY: FAILURE TO WARN**

67. Defendant Supreme Final Mile, Inc. failed to warn Plaintiffs that the entertainment center was improperly assembled and posed a significant risk of injury. This failure to warn constitutes a breach of their duty of care and directly contradicts their website's promise to ensure the customer's order was "received safely." The subsequent injury was entirely foreseeable in light of the defective assembly. This failure is further evidenced by the fact that the unit was never properly assembled and the safety anti-tipping furniture straps were in the original bags stapled to the back of the columns after they fell.

**VICARIOUS LIABILITY**

68. At all times relevant herein, the workers who delivered, assembled, and installed the entertainment center were acting within the course and scope of their employment with Defendant Supreme Final Mile, Inc.

69. Defendant Supreme Final Mile, Inc. is vicariously liable for the negligent acts of its employees.

**JOINT AND SEVERAL LIABILITY**

70. In the alternative, Defendant Supreme Final Mile, Inc. is jointly and severally liable for the injuries and damages sustained by the Plaintiffs. Their negligence was a substantial factor in causing the Plaintiffs' harm.

**PROXIMATE CAUSE**

12

71. Defendant Supreme Final Mile, Inc. had a duty of care to ensure that its services met the safety standards it represented on its website. Defendant's failure to perform its services of safely delivering and setting up the furniture of Plaintiff Floyd White's family constitutes a breach of this duty, leading directly to the injuries suffered by Plaintiffs. The harm was entirely foreseeable given the website's explicit promises.

72. The negligent actions and conduct of Defendant Supreme Final Mile, Inc. was the cause in fact and proximate cause of the damages and injuries to the plaintiffs.

73. As a direct and proximate consequence of Defendant Supreme Final Mile, Inc. conduct and actions in breaching its duty to the plaintiffs, the minor plaintiff suffered severe and permanent injuries, and Plaintiffs Floyd White and Hylin White suffered severe mental and emotional damages.

## V. DAMAGES

74. As a direct and proximate result of the conduct, actions and duties of the defendants, the minor plaintiff, E. W., suffered and is therefore entitled to recover for the following damages: (i) physical suffering in the past; (ii) mental suffering in the past; (iii) physical suffering in the future; (iv) mental suffering in the future; (v) permanent impairment; (vi) loss of earning capacity; (vii) loss of capacity for the enjoyment of life; (viii) medical expenses in the past; and (ix) medical expenses in the future.

75. As a direct and proximate result of the conduct, actions and duties of the defendants, Plaintiffs Floyd White and Hylin White suffered and are therefore entitled to recover for the following damages: (i) mental pain and suffering in the past; (ii) mental pain and suffering in the future; (iii) loss of consortium; (iv) medical expenses; and (v) out of pocket expenses.

## VI. PRAYER FOR RELIEF

13

WHEREFORE, the plaintiffs respectfully request this Honorable Court to grant relief as follows:

a.    That service of process issue forth upon the defendants requiring them to answer this Complaint within the time required by law;

b.    Award compensatory damages against all Defendants pursuant to the claims brought in the amount not to exceed $60,000,000.00;

c.    Award prejudgment and post judgment interest as permitted by law;

d.    That a  jury hear this cause;

e.    Award general costs of this action including discretionary costs; and

f.    Award any other or further relief to which he may be entitled and that the defendants be taxed with the costs of this cause, including all costs and expenses incurred as a result of the preparation and presentation of the plaintiffs' claims.

Respectfully submitted,

*/s/ Tony Seaton*
Tony Seaton, BPR #7279
Law Office
139 Shady Lane
Johnson City, Tennessee 37601
Phone: (423) 612-1987
Email: tseatonlaw@gmail.com

**- and -**

*/s/ Thomas J. Smith*
Thomas J. Smith, BPR #035331
Garza Law Firm, PLLC
118 E. Watauga Ave.
Johnson City, TN 37601
Phone: (423) 282-1041
Email: tsmith@garzalaw.com

*Attorneys for Plaintiffs*

14

# CERTIFICATE OF SERVICE

The plaintiffs hereby certify that on the 25th day of February, 2025, a copy of the foregoing was filed electronically using the Court's ECF system.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U. S. Mail.  Parties may access this filing through the Court's electronic filing system.

John R. Tarpley, Esq.
Lewis Thomason, P.C.
424 Church Street, Suite 2500
Nashville, Tennessee. 37219
Phone:  (615) 259-1366
Email:  jtarpley@lewisthomason.com
*Attorney for Defendant Wayfair, Inc.*

John McDonough, Esq.
London Fischer, LLP
59 Maiden Lane
New York, N.Y.  10038
Phone:  (212) 331-9450
Email:  jmcdonough@londonfischer.com
*Attorney for Defendant Wayfair, Inc.*

*/s/ Tony Seaton*
Tony Seaton