# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| **FLOYD WHITE and HYLIN WHITE,** individually and for the benefits of E.W., a minor child under the age of 18, | ) ) ) ) | **No.: 1:24-CV-00094** |
| **Plaintiffs,** | ) ) | **JURY DEMANDED** |
| **v.** | ) ) | **Chief Judge: William L. Campbell, Jr** |
| **WAYFAIR, INC., et al.** | ) ) | **Magistrate Judge: Barbara D. Holmes** |
| **Defendants.** | ) ) ) | |

## ANSWER OF DEFENDANT WAYFAIR LLC

**COMES NOW** the Defendant, Wayfair LLC, incorrectly identified in the Amended Complaint as Wayfair, Inc., by and through counsel, (hereinafter referred to as "Wayfair" or "Defendant") and for its answer to the Plaintiff's Amended Complaint asserted against it would state as follows:

1. Wayfair is without sufficient knowledge or information with which to admit or deny the allegations set forth in paragraph 1 of Plaintiffs' Amended Complaint, and therefore neither admits nor deny same but demands strict proof thereof if deemed relevant.

2. Wayfair is without sufficient knowledge or information with which to admit or deny the allegations set forth in paragraph 2 of Plaintiffs' Amended Complaint, and therefore neither admits nor deny same but demands strict proof thereof if deemed relevant.

3. In response to paragraph 3 of the Amended Complaint, Wayfair admits that Wayfair, Inc. is a foreign corporation formed in Delaware and doing business in Tennessee, with its principal office located at 4 Copley Place, Boston, Massachusetts 02116, and that Wayfair, LLC is a foreign limited liability company with its principal office located at 4 Copley Place, Boston, Massachusetts 02116.

4. The allegations set forth in paragraph 4 of Plaintiffs' Amended Complaint are directed at a Defendant other than Wayfair; therefore, no response is required of this Defendant to those allegations.

5. Wayfair is without sufficient knowledge or information with which to admit or deny the allegations set forth in sentence one of paragraph 5 of Plaintiffs' Amended Complaint, and therefore neither admits nor denies same, but demands strict proof thereof if deemed relevant. Wayfair admits the allegations set forth in sentence two. Wayfair is without sufficient knowledge or information with which to admit or deny the allegations set forth in sentences three and four, and therefore neither admits nor denies same, but demands strict proof thereof if deemed relevant. Wayfair admits the allegations in sentence five.

6. Wayfair admits the allegations set forth in paragraph 6 of Plaintiffs' Amended Complaint and demands strict proof thereof if deemed relevant.

7. Wayfair admits the allegations set forth in paragraph 7 of Plaintiffs' Amended Complaint.

8. In response to the allegations set forth in paragraph 8 of Plaintiffs' Amended Complaint, Wayfair admits that Mr. White ordered items from it on April 11, 2024. Wayfair is without sufficient knowledge or information which to admit or deny the remaining allegations, and therefore neither admits nor denies same, but demands strict proof thereof if deemed relevant.

2

9. In response to the allegations set forth in paragraph 9 of Plaintiffs' Amended Complaint, Wayfair admits that Mr. White ordered items online from Wayfair and demands strict proof thereof if deemed relevant.

10. Wayfair admits the allegations set forth in paragraph 10 of Plaintiffs' Amended Complaint.

11. Wayfair is without sufficient knowledge or information with which to admit or deny the allegations set forth in paragraph 11 of Plaintiffs' Amended Complaint, and therefore neither admits nor denies same, but demands strict proof thereof if deemed relevant.

12. Wayfair is without sufficient knowledge or information with which to admit or deny the allegations set forth in paragraph 12 of Plaintiffs' Amended Complaint, and therefore neither admits nor denies same, but demands strict proof thereof if deemed relevant.

13. Wayfair denies the allegations set forth in paragraph 13 and demands strict proof thereof if deemed relevant.

14. Wayfair admits the allegations set forth in paragraph 14 of Plaintiffs' Amended Complaint.

15. Wayfair denies the allegations set forth in paragraph 15 and demands strict proof thereof if deemed relevant.

16. Wayfair is without sufficient knowledge or information with which to admit or deny the allegations set forth in paragraph 16 of Plaintiffs' Amended Complaint, and therefore neither admits nor denies same, but demands strict proof thereof if deemed relevant.

17. Wayfair admits the allegations set forth in paragraph 17 that the three items were shipped in April of 2024.

18. Wayfair admits that the items were paid for in full and with regard to the remaining allegations in Paragraph 18 is without sufficient knowledge or information with which to admit or deny, and therefore neither admits nor denies same, but demands strict proof thereof if deemed relevant.

19. Wayfair admits that Defendant Wayfair entered into a Transportation Services Agreement with Defendant Supreme Final Mile, Inc., hereinafter "Supreme", for services including the installation, delivery and assembly of products sold by Wayfair LLC and with regard to the remaining allegations in Paragraph 19 is without sufficient knowledge or information with which to admit or deny, and therefore neither admits nor denies same, but demands strict proof thereof if deemed relevant.

20. Wayfair denies that the individuals who performed the delivery and installation services were employees or agents of Defendant Wayfair and with regard to the remaining allegations in paragraph 20 is without sufficient knowledge or information with which to admit or deny, and therefore neither admits nor denies same, but demands strict proof thereof if deemed relevant.

21. Wayfair is without sufficient knowledge or information with which to admit or deny the allegations set forth in paragraph 21 of Plaintiffs' Amended Complaint, and therefore neither admits nor denies same, but demands strict proof thereof if deemed relevant.

22. Wayfair is without sufficient knowledge or information with which to admit or deny the allegations set forth in paragraph 22 of Plaintiffs' Amended Complaint, and therefore neither admits nor denies same, but demands strict proof thereof if deemed relevant.

23. Wayfair is without sufficient knowledge or information with which to admit or deny what appeared to the Plaintiffs at the time set forth in paragraph 23 of Plaintiffs' Amended

4

Complaint, and therefore neither admits nor denies same, but demands strict proof thereof if deemed relevant.

24. Wayfair is without sufficient knowledge or information with which to admit or deny the allegations set forth in paragraph 24 of Plaintiffs' Amended Complaint, and therefore neither admits nor denies same, but demands strict proof thereof if deemed relevant.

25. Wayfair is without sufficient knowledge or information with which to admit or deny the allegations set forth in paragraph 25 of Plaintiffs' Amended Complaint, and therefore neither admits nor denies same, but demands strict proof thereof if deemed relevant.

26. Wayfair denies the allegations set forth in paragraph 26 and demands strict proof thereof if deemed relevant.

27. Wayfair admits that a replacement hutch for the subject entertainment center was shipped on May 2, 2024, and demands strict proof thereof if deemed relevant.

28. Wayfair denies the allegations set forth in paragraph 28 and demands strict proof thereof if deemed relevant.

29. Wayfair denies that the individuals were employees or agents of Wayfair and as to the remaining allegations in paragraph 29 is without sufficient knowledge or information with which to admit or deny same, and demands strict proof thereof if deemed relevant.

30. Wayfair denies that the individuals were employees or agents of Wayfair and as to the remaining allegations in paragraph 30 is without sufficient knowledge or information with which to admit or deny same, and demands strict proof thereof if deemed relevant.

31. Wayfair denies the allegations set forth in paragraph 31 and demands strict proof thereof if deemed relevant.

32. Wayfair denies the allegations set forth in paragraph 32 and demands strict proof thereof if deemed relevant.

33. Wayfair neither admits, nor denies the allegations set forth in paragraph 33, but refers the court to the email referred to herein which speaks for itself and demands strict proof thereof if deemed relevant.

34. Wayfair denies the allegations set forth in paragraph 34 and demands strict proof thereof if deemed relevant.

35. Wayfair neither admits, nor denies the allegations set forth in paragraph 35, but refers the court to the email referred to herein which speaks for itself and demands strict proof thereof if deemed relevant.

36. Wayfair neither admits, nor denies the allegations set forth in paragraph 36, but refers the court to the email referred to herein which speaks for itself and demands strict proof thereof if deemed relevant.

37. Wayfair neither admits, nor denies the allegations set forth in paragraph 37, but refers the court to the email referred to herein which speaks for itself and demands strict proof thereof if deemed relevant.

38. Wayfair denies the allegations set forth in paragraph 38 of Plaintiffs' Amended Complaint and demands strict proof thereof if deemed relevant.

39. Wayfair is without knowledge or information with which to admit or deny the allegations set forth in paragraph 39 of Plaintiffs' Amended Complaint, and therefore neither admits nor denies same, but demands strict proof thereof if relevant.

40. Wayfair is without knowledge or information with which to admit or deny the allegations set forth in paragraph 40 of Plaintiffs' Amended Complaint, and therefore neither admits nor denies same, but demands strict proof thereof if relevant.

41. Wayfair is without knowledge or information with which to admit or deny the allegations set forth in paragraph 41 of Plaintiffs' Amended Complaint, and therefore neither admits nor denies same, but demands strict proof thereof if relevant.

42. Wayfair is without knowledge or information with which to admit or deny the allegations set forth in paragraph 42 of Plaintiffs' Amended Complaint, and therefore neither admits nor denies same, but demands strict proof thereof if relevant.

43. Wayfair is without knowledge or information with which to admit or deny the allegations set forth in paragraph 43 of Plaintiffs' Amended Complaint, and therefore neither admits nor denies same, but demands strict proof thereof if relevant.

44. Wayfair denies the allegations set forth in paragraph 44 of Plaintiffs' Amended Complaint and demands strict proof thereof if relevant.

45. Wayfair is without knowledge or information with which to admit or deny the allegations set forth in paragraph 45 of Plaintiffs' Amended Complaint, and therefore neither admits nor denies same, but demands strict proof thereof if relevant.

46. Wayfair is without sufficient knowledge or information which to admit or deny the allegations of injuries or damages set forth in paragraph 46 of Plaintiffs' Amended Complaint, and therefore neither admits nor denies same, but demands strict proof thereof if deemed relevant. All contrary allegations are denied, and strict proof is demanded thereof if deemed relevant.

47. Wayfair is without sufficient knowledge or information with which to admit or deny the allegations of injuries or damages set forth in paragraph 47 of Plaintiffs' Amended

Complaint, and therefore neither admits nor denies same, but demands strict proof thereof if deemed relevant.

48. Wayfair is without sufficient knowledge or information with which to admit or deny the allegations of injuries or damages set forth in paragraph 48 of Plaintiffs' Amended Complaint, and therefore neither admits nor denies same, but demands strict proof thereof if deemed relevant.

49. Wayfair denies the allegations of injuries or damages set forth in paragraph 49 of Plaintiffs' Amended Complaint, and demands strict proof thereof if deemed relevant.

(Second paragraph numbered 49.) The allegations set forth in the second paragraph numbered 49 of Plaintiffs' Amended Complaint, assert legal conclusions to which no responses required of this Defendant.

50. Wayfair denies the allegations set forth in paragraph 50 of Plaintiffs' Amended Complaint and demands strict proof thereof if deemed relevant.

51. Wayfair denies the allegations set forth in paragraph 51 and demands strict proof thereof if deemed relevant.

52. Wayfair denies the allegations set forth in paragraph 52 and demands strict proof thereof if deemed relevant.

53. Wayfair denies the allegations set forth in paragraph 53 of Plaintiffs' Amended Complaint and demands strict proof thereof if deemed relevant.

54. Wayfair denies the allegations set forth in paragraph 54 of Plaintiffs' Amended Complaint and demands strict proof thereof if deemed relevant.

55. The allegations set forth in paragraph 55 of Plaintiffs' Amended Complaint assert legal conclusions to which no response is required of this Defendant. To the extent response is

deemed to be required, Wayfair denies that its employees or agents delivered, assembled or installed the entertainment center referred to in the Amended Complaint, and strict proof is demanded thereof if deemed relevant.

56. Wayfair denies the allegations set forth in paragraph 56 of Plaintiffs' Amended Complaint and demands strict proof thereof if deemed relevant.

57. Wayfair denies the allegations set forth in paragraph 57 of Plaintiffs' Amended Complaint and demands strict proof thereof if deemed relevant.

58. Wayfair denies the allegations set forth in paragraph 58 of Plaintiffs' Amended Complaint and demands strict proof thereof if deemed relevant.

59. Wayfair denies the allegations set forth in paragraph 59 of Plaintiffs' Amended Complaint and demands strict proof thereof if deemed relevant.

60. Wayfair is without knowledge or information with which to admit or deny the allegations set forth in paragraph 60 of Plaintiffs' Amended Complaint, and therefore neither admits nor denies same, but demands strict proof thereof if relevant.

61. Wayfair is without knowledge or information with which to admit or deny the allegations set forth in paragraph 61 of Plaintiffs' Amended Complaint, and therefore neither admits nor denies same, but demands strict proof thereof if relevant.

62. The allegations set forth in paragraph 62 are directed at a Defendant other than Wayfair; therefore, no response is required of this Defendant to those allegations.

63. The allegations set forth in paragraph 63 are directed at a Defendant other than Wayfair; therefore, no response is required of this Defendant to those allegations.

64. The allegations set forth in paragraph 64 are directed at a Defendant other than Wayfair; therefore, no response is required of this Defendant to those allegations.

9

65. The allegations set forth in paragraph 65 are directed at a Defendant other than Wayfair; therefore, no response is required of this Defendant to those allegations.

66. The allegations set forth in paragraph 66 are directed at a Defendant other than Wayfair; therefore, no response is required of this Defendant to those allegations.

67. The allegations set forth in paragraph 67 are directed at a Defendant other than Wayfair; therefore, no response is required of this Defendant to those allegations.

68. The allegations set forth in paragraph 68 are directed at a Defendant other than Wayfair; therefore, no response is required of this Defendant to those allegations.

69. The allegations set forth in paragraph 69 are directed at a Defendant other than Wayfair; therefore, no response is required of this Defendant to those allegations.

70. The allegations set forth in paragraph 70 are directed at a Defendant other than Wayfair; therefore, no response is required of this Defendant to those allegations.

71. The allegations set forth in paragraph 71 are directed at a Defendant other than Wayfair; therefore, no response is required of this Defendant to those allegations.

72. The allegations set forth in paragraph 72 are directed at a Defendant other than Wayfair; therefore, no response is required of this Defendant to those allegations.

73. The allegations set forth in paragraph 73 are directed at a Defendant other than Wayfair; therefore, no response is required of this Defendant to those allegations.

74. Wayfair denies the allegations set forth in paragraph 74 of and strict proof is demanded thereof if deemed relevant.

75. Wayfair denies the allegations set forth in paragraph 75 of Plaintiffs' Amended Complaint, and strict proof is demanded thereof if deemed relevant.

10

76.     In response to paragraph VI captioned "**PRAYER FOR RELIEF**" this Defendant denies the allegations set forth in subparagraphs a-c and e-f.  This Defendant also demands a jury to try all aspects of this case.

77.     All aspects of the Amended Complaint not hereinabove admitted, denied, or explained are hereby denied, and strict proof is demanded thereof if deemed relevant.

### AFFIRMATIVE DEFENSES

1.     Wayfair asserts that Plaintiffs' claim, in whole or in part, fails to state a claim upon which relief can be granted.

2.     This Defendant denies that Plaintiffs are entitled to the relief prayed for in the Amended Complaint from these Defendants.

3.     This Defendant affirmatively asserts, if proven applicable through investigation and discovery under the doctrine of comparative fault, that Plaintiffs, Floyd White and Hylin White, failed to exercise ordinary care for the minor's safety and that such negligence bars them from recovery and reduces any damage award that may be received by the percentage of their own negligence. The value of the minor's claims is reduced or barred by the parents' negligence.

4.     This Defendant relies upon the doctrine of comparative fault to reduce or completely bar Plaintiffs' right to recovery as to this Defendant. Likewise, to the extent Defendants not yet otherwise identified were responsible for the injuries and damages, this Defendant reserves the right to amend its answer at a later date. Specifically, and at this time, this Defendant asserts the comparative fault of Supreme Final Mile, Inc., and its subcontractor, known as IC  BNR Transports, which delivered, assembled, and installed the furniture.

11

5.     This Defendant asserts that its investigation of this matter is not yet complete, and therefore, any and all affirmative defenses that may be developed during investigation and discovery will be relied upon by this Defendant at the trial of this case.

6.     This Defendant specifically reserves the right to amend this answer and plead additional facts and or defenses, including affirmative defenses, which may be supported by said investigation and discovery. To the extent facts are developed that justify reliance thereon, this Defendant pleads and relies upon the defenses of assumption of the risk, independent and intervening causes, acts of third persons, preexisting conditions, and/or failure to mitigate damages.

7.     Defendant asserts all available rights to pursue arbitration in accordance with the Terms of Use.

8.     Defendant asserts the protections set forth in Title 29 of Tennessee Code Annotated regarding the limitations on civil damage awards.

## CROSS CLAIMS AGAINST SUPREME FINAL MILE, INC.

## AS AND FOR A FIRST CROSS CLAIM FOR BREACH OF THE CONTRACTUAL INDEMNIFICATION OBLIGATION

1.     Supreme is contractually obligated to defend, indemnify, and hold harmless Wayfair and its affiliates from "any and all damages, injuries, liabilities, settlements" arising from the underlying Complaint and Amended Complaint pursuant to the Transportation Services Agreement between Wayfair and Supreme.

2.     Wayfair has demanded contractual indemnification from Supreme pursuant to the terms of Transportation Services Agreement.

3.     Supreme has failed to satisfy its contractual obligations.

4.     Supreme has breached the Agreement by failing and/or refusing to indemnify

12

Wayfair in the captioned matter.

5.  Wayfair has been damaged as a result of the breach of the aforementioned Agreement.

6.  By reason of the foregoing, the Wayfair is entitled to indemnity from and for judgment over and against the Supreme together with all attorneys' fees and expenses incurred by the Defendant Wayfair herein.

**AS AND FOR A SECOND CROSS CLAIM FOR BREACH OF THE CONTRACTUAL INSURANCE PURCHASING OBLIGATION**

7.  Supreme has breached the aforementioned Transportation Services Agreement by failing to purchase insurance providing coverage to Wayfair as an additional insured for loss arising from the Services described in the Agreement.

8.  Supreme was contractually obligated to purchase insurance providing coverage to Wayfair as an additional insured for loss arising from the Services described in the Agreement.

9.  The underlying Complaint and Amended Complaint alleges loss arising from the Services described in the Agreement.

10.  Supreme failed to satisfy its contractual obligations.

11.  Supreme breached the Agreement by failing to purchase insurance as required by the Agreement.

12.  Wayfair has been damaged as a result of the breach of the Agreement.

13.  By reason of the foregoing, Wayfair is entitled to damages from and for judgment over and against Supreme together with all attorneys' fees and expenses incurred by the Defendant Wayfair herein.

13

## AS AND FOR A THIRD CROSS CLAIM AS AGAINST DEFENDANT SUPREME FINAL MILE, INC. FOR COMMON LAW INDEMNIFICATION

14. That if plaintiff sustained any damages at the time and in the manner as alleged in Plaintiff's Complaint, all of which are denied by Defendant Wayfair, such damages were caused wholly and solely by the reason of the negligence, recklessness, carelessness and/or breach of duty by Supreme Final Mile, Inc., by itself and/or it's subcontractors and their alleged negligence, including negligent, reckless and careless operation, maintenance, control, possession, supervision, installation, assembly, direction, inspection, and/or alteration of the furniture products referred to herein, as well as other negligent activities and omissions without any negligence or wrongdoing by Wayfair.

15. That if Wayfair is held liable to plaintiff herein, such liability arises out of the negligence, carelessness, recklessness and/or breach of duty of Supreme Final Mile, Inc., its agents, servants, subcontractors, and/or their employees, either by themselves or in conjunction with other parties over which Wayfair had no control, and without any negligence or fault on the part of Wayfair contributing thereto.

16. That by reason of Defendant Supreme Final Mile, Inc.'s negligence, carelessness, recklessness and/or breach of obligation, Supreme Final Mile, Inc., will be liable over, and for common law indemnification to Wayfair for the full amount of any recovery claimed as against Wayfair which is bound to pay any and all attorneys' fees and costs of investigation and disbursements.

17. By reason of the foregoing, Wayfair demands judgment for full common law indemnification from Defendant Supreme Final Mile, Inc., for an amount to be determined and adjudicated at trial, plus all legal fees, costs, disbursements and expenses incurred in connection with the defense of this action.

14

## AS AND FOR A FOURTH CROSS CLAIM AS AGAINST DEFENDANT
## SUPREME FINAL MILE, INC.
## <u>FOR CONTRIBUTION</u>

18.     Supreme Final Mile, Inc. owed a duty to Wayfair to properly maintain, control, manage, operate, assemble, install and inspect the subject furniture products.

19.     If plaintiff's allegations are true, then Supreme Final Mile, Inc., breached its duty to Defendant Wayfair by maintaining, controlling, managing, operating, assembling, installing, and/or inspecting the furniture products in a negligent fashion and contrary to accepted industry standards and practices, and as a consequence of Supreme Final Mile, Inc.'s negligence, including negligent, reckless and careless operation, maintenance, control, possession, supervision, direction, construction, inspection, installation, assembly and/or alteration of the furniture products, as well as other activities and omissions and other negligence committed by Supreme Final Mile, Inc., without any negligence or wrongdoing by Wayfair.

20.     If plaintiff's allegations are true, then Wayfair has been damaged by Supreme Final Mile, Inc.'s negligence, and Supreme Final Mile, Inc., will be liable, among other things, for the full amount of any recovery obtained against Wayfair, including but not limited to the payment of any judgment rendered against it and for all of Wayfair's attorneys' fees, costs, and disbursements.

**WHEREFORE**, WHEREFORE, Wayfair LLC, incorrectly identified in the Amended Complaint as Wayfair, Inc., hereinafter "Wayfair",  denies that it is liable to the Plaintiffs in any amount and respectfully requests that this Defendant Wayfair be dismissed from this action with costs taxed to the Plaintiff; that Wayfair be awarded damages for common law indemnification, contribution, breach of the indemnification agreement loss, costs and expenses, including attorneys' fees, incurred by Wayfair in the defense of the underlying action, together with interest at the statutory rate; that Wayfair be awarded damages for breach of the insurance purchasing

15

obligation loss, costs and expenses, including attorneys' fees, incurred by Wayfair in the defense of the underlying action, together with interest at the statutory rate; and further demands a jury to try this case.

**RESPECTFULLY SUBMITTED,**

**LONDON FISCHER, LLP**

*/s/ John J. McDonough (by John Tarpley w/permission)*
**JOHN J. MCDONOUGH,**
**NEW YORK STATE BAR NO. 1690882**
59 Maiden Lane
New York, NY 10038
(212) 331-9450
Email: jmcdonough@londonfischer.com

**-and-**

**LEWIS THOMASON, PC.**

*/s/ John R. Tarpley*
**JOHN R. TARPLEY, (BPR # 009661)**
LEWIS THOMASON, P.C.
424 Church Street, Suite 2500
Nashville, TN 37219
e-mail: jtarpley@lewisthomason.com
direct line: (615) 259-1395

*Attorneys for Defendant,*
*Wayfair LLC, incorrectly identified in the Amended Complaint as Wayfair, Inc.*

16

## CERTIFICATE OF SERVICE

I hereby certify that on this the 4th day of March, 2025, a copy of the foregoing Answer of Wayfair LLC i/s/h/a Wayfair, Inc. was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

Tony Seaton, Esq.
Garza Law Firm
118 East Watauga Avenue
Johnson City, TN 37601
423-282-1041
Fax: 423-282-0967
Email: tseaton@garzalaw.com

*/s/ John R. Tarpely*
John R. Tarpley