# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| **FLOYD WHITE and HYLIN WHITE, individually and for the benefit of E.W., a minor child under the age of 18,** | **No.: 1:24-cv-00094** |
| **Plaintiffs,** | **JURY DEMANDED** |
| **v.** | **Chief Judge William L. Campbell, Jr.** |
| **WAYFAIR, INC., et al.,** | **Magistrate Judge Barbara D. Holmes** |
| **Defendants.** | |
| **SUPREME FINAL MILE, INC.,** | |
| **Third-Party Plaintiff,** | |
| **v.** | |
| **BNR TRANSPORTATION, LLC,** | |
| **Third-Party Defendant.** | |

## DEFENDANT/THIRD-PARTY PLAINTIFF SUPREME FINAL MILE, INC.'S THIRD-PARTY COMPLAINT AGAINST BNR TRANSPORTATION LLC

NOW COMES Defendant and Third-Party Plaintiff Supreme Final Mile, Inc. (hereinafter, "SFM"), by and through its counsel, pursuant to Federal Rule of Civil Procedure 14(a), and brings claims against third-party defendant BNR Transportation LLC.

## PARTIES AND JURISDICTION

1. Third-Party Plaintiff SFM is a Texas corporation with its principal place of business at 100 Congress Avenue, Suite 2000, Austin, Texas 78701. SFM filed its Answer to Plaintiffs' Amended Complaint and Cross-Claims Asserted by Wayfair LLC (Doc. 37) on April 21, 2025.

2. Third-Party Defendant BNR Transportation LLC (hereinafter, "BNR"), is a

1

limited liability company registered to do business in the State of Tennessee, with a last known business address of 2760 Murfreesboro Pk #42, Antioch, Tennessee 37013.

3. This court has subject matter jurisdiction over the underlying claims asserted by Plaintiffs in the Amended Complaint pursuant to 28 U.S.C. § 1332. The court has supplemental jurisdiction over these third-party claims pursuant to 28 U.S.C. § 1367, as the claims arise out of the same controversy as alleged in the Amended Complaint.

4. This court has venue over these third-party claims based on their relation to the claims asserted in the Amended Complaint against Third-Party Plaintiff SFM.

<u>FACTS</u>

5. On or about September 21, 2022, SFM entered into a Broker-Motor Carrier Agreement ("MCA") with BNR. Pursuant to the MCA, SFM tendered freight from its customers to BNR for transportation and delivery at designated addresses.

6. One such delivery by BNR was the delivery of the entertainment center to Plaintiffs in April 2024, which is the subject of the Amended Complaint.

7. Under the MCA, BNR retained discretion and control in carrying out its obligations, including delivery and assembly of furniture. SFM's role was limited to tendering freight to BNR for immediate delivery. SFM did not exercise control over BNR's operations.

8. At no point did SFM exercise control over the actions of BNR and its agents and/or employees in installing and assembling the entertainment center.

9. The MCA further obligated BNR to maintain a variety of insurance, including Commercial General Liability Insurance of at least $1 million, naming SFM as an additional insured. BNR was also required to give SFM 30-days' written notice of the cancellation or modification of the insurance.

10. The MCA further provides that BNR "will at all times (both during and after the

2

Term) indemnify, hold harmless and defend" SFM "against all claims, suits, losses, fines, penalties, forfeitures, damages, judgments, reasonable attorney fees and related litigation costs arising out of or in any way connected with [BNR] and its employees or agents (i) breach, performance or non-performance of this Agreement; [and] (ii) negligence in providing the Services…."

**FIRST CAUSE OF ACTION – BREACH OF INDEMNIFICATION OBLIGATION**

11. SFM incorporates all prior Paragraphs by reference.

12. BNR is contractually obligated to indemnify, hold harmless and defend SFM from "all claims, suits, losses, fines, penalties, forfeitures, damages, judgments, reasonable attorney fees and related litigation costs" arising in connection with BNR's performance of the services under the MCA and its negligence.

13. SFM has attempted to demand such contractual indemnification from BNR pursuant to the terms of the MCA.

14. BNR has failed to satisfy its contractual obligations.

15. BNR has breached the MCA by failing and/or refusing to indemnify SFM for the claims asserted in this lawsuit against SFM.

16. SFM has been damaged as a proximate result of BNR's breach of its indemnification obligation.

17. As a result, SFM is entitled to indemnification from and judgment against BNR, including costs and attorneys' fees incurred in the defense of this action.

**SECOND CAUSE OF ACTION – BREACH OF INSURANCE OBLIGATION**

18. SFM incorporates all prior Paragraphs by reference.

19. BNR was contractually obligated to maintain a Commercial General Liability

3

Insurance policy naming SFM as an additional insured.

20. On information and belief, without notice to SFM as required by the MCA, BNR failed to maintain the required insurance, including at the time that the delivery that is the subject of the Amended Complaint was made in April 2024.

21. The Amended Complaint in this action asserts claims related to BNR's services and would have come within the scope of the insurance required by the MCA.

22. BNR's failure to maintain Commercial General Liability Insurance is a breach of the MCA.

23. SFM has been damaged as a result of BNR's failure to maintain the insurance required by the MCA.

24. As a result, SFM is entitled to damages and judgment against BNR, including costs and attorneys' fees incurred in the defense of this action.

<u>**THIRD CAUSE OF ACTION – COMMON LAW INDEMNIFICATION**</u>

25. SFM incorporates all prior Paragraphs by reference.

26. If Plaintiffs sustained any damages at the time and in the manner as alleged in Plaintiff's Amended Complaint, which Defendant SFM specifically denies, any such damage that was due to improper delivery, assembly or installation of the entertainment center was caused wholly and solely by the reason of the negligence, recklessness, carelessness and/or breach of duty by BNR and/or its agents and employees, including negligent, reckless and careless operation, maintenance, control, possession, supervision, installation, assembly, direction, inspection, and/or alteration of the furniture products referred to in the Amended Complaint, as well as other negligent activities and omissions without any negligence or wrongdoing by SFM.

27. Moreover, if SFM is held liable to plaintiffs herein, such liability arises out of the

negligence, carelessness, recklessness and/or breach of duty of BNR, its agents, servants, subcontractors, and/or their employees, either by themselves or in conjunction with other parties over which SFM neither had nor exercised control, and without any negligence or fault on the part of SFM contributing thereto.

28. By reason of Third-Party Defendant BNR's negligence, carelessness, recklessness and/or breach of obligation, BNR will be liable for common law indemnification of SFM for the full amount of any recovery claimed as against SFM.

29. By reason of the foregoing, SFM demands judgment for full common law indemnification from Third-Party Defendant BNR for an amount to be determined and adjudicated at trial, plus all legal fees, costs, disbursements and expenses incurred in connection with the defense of this action.

## FOURTH CAUSE OF ACTION – COMMON LAW INDEMNIFICATION

30. SFM incorporates all prior Paragraphs by reference.

31. Third-Party Defendant BNR owed a duty to properly deliver and assemble the furniture products assigned to BNR under the MCA.

32. To the extent the allegations of the Amended Complaint are true, all of which SFM denies and demands strict proof thereof, then BNR breached its duties related to the delivery and assembly of the furniture that is the subject of the Amended Complaint, and any alleged damages awarded to Plaintiffs are a consequence of BNR's negligence, including negligent, reckless and careless operation, maintenance, control, possession, supervision, direction, construction, inspection, installation, assembly and/or alteration of the furniture products, as well as other activities and omissions and other negligence committed by BNR, without any negligence or wrongdoing by SFM.

33.     In the event of liability to Plaintiffs, SFM has been damaged by BNR's negligence, and BNR will be liable, among other things, for the full amount of any recovery obtained against SFM, including but not limited to the payment of any judgment rendered against it and for all of SFM's attorneys' fees, costs, and disbursements.

WHEREFORE, Third-Party Plaintiff SFM requests judgment against Third-Party Defendant BNR Transportation LLC for any recovery had by Plaintiffs from SFM and for the costs, including reasonable attorneys' fees, incurred by SFM in the defense of this action and the prosecution of these claims against BNR.

Date:  May 5, 2025

Respectfully submitted,

*/s/ Sarah B. Miller*
Sarah B. Miller (TN #033441)
**BASS, BERRY & SIMS, PLC**
21 Platform Way South, Suite 3500
Nashville, TN 37203
smiller@bassberry.com

Michael L. Rice (*pro hac vice*)
Jason Fitterer (*pro hac vice*)
Croke Fairchild Duarte & Beres
191 N. Wacker Drive, 31st Floor
Chicago, IL 60606
312-638-8787
mrice@crokefairchild.com

*Attorneys for Supreme Final Mile, Inc.*

6

## CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2025, I caused the foregoing **DEFENDANT/THIRD-PARTY PLAINTIFF SUPREME FINAL MILE, INC.'S THIRD-PARTY COMPLAINT AGAINST BNR TRANSPORTATION LLC** to be served on all parties of record by filing it with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing to all counsel of record.

Tony Seaton
Thomas J. Smith
Garza Law Firm
118 East Watauga Avenue
Johnson City, TN 37601
Phone: 423-282-1041
Fax: 423-282-0967
Email: tseaton@garzalaw.com

John J. McDonough
London Fischer, LLP
59 Maiden Lane
New York, NY 10038
Phone: 212-331-9450
Email: jmcdonough@londonfischer.com

John Roy Tarpley
Lewis, Thomason, King, Krieg & Waldrop, P.C. (Nashville)
424 Church Street
Suite 2500
P.O. Box 198615
Nashville, TN 37219
Phone: 615-259-1366
Email: jtarpley@lewisthomason.com

*/s/ Sarah B. Miller*
Sarah B. Miller

7