# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

FLOYD WHITE and HYLIN WHITE, individually and for the benefits of E.W., a minor child under the age of 18,

      Plaintiffs,

v.

WAYFAIR, INC., et al.

      Defendants.

SUPREME FINAL MILE, INC.,

      Third-Party Plaintiff,

v.

BNR TRANSPORTATION, LLC,

      Third-Party Defendants.

WAYFAIR LLC, i/s/h/a WAYFAIR, INC.,

      Second Third-Party Plaintiff,

v.

TOV FURNITURE, INC. and RENEGADE FURNITURE GROUP, INC, d/b/a TOV FURNITURE,

      Third-Party Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No.: 1:24-CV-00094

JURY DEMANDED

Chief Judge: William L. Campbell, Jr

Magistrate Judge: Barbara D. Holmes

## SECOND THIRD-PARTY COMPLAINT OF WAYFAIR LLC

**COMES NOW** WAYFAIR LLC, incorrectly identified in the Complaint, Amended Complaint and the 2nd Amended Complaint as WAYFAIR, Inc., ("WAYFAIR") as and for its second third-party complaint in accordance with Federal Rule of Civil Procedure Rule 14(a), against Second Third-Party Defendants TOV FURNITURE INC. and RENEGADE FURNITURE GROUP INC. dba TOV FURNITURE ("TOV" AND "RENEGADE dba TOV") alleges as follows:

<u>THE PARTIES</u>

1.      At all relevant times, TOV is and was a foreign corporation formed in New York with a principal place of business at 337 Washington Avenue, Village of Cedarhurst, Town of Hempstead, County of Nassau, State of New York.

2.      At all relevant times, RENEGADE dba TOV is and was a foreign corporation formed in New York with a principal place of business at 333 Washington Avenue, Village of Cedarhurst, Town of Hempstead, County of Nassau, State of New York.

3.      At all relevant times, WAYFAIR is and was a foreign limited liability company formed in Delaware with a principal place of business at 4 Copley Place, Boston, MA 02116.

4.      At all relevant times, Plaintiffs Floyd and Hylin White and infant plaintiff E.W. were individuals residing in the State of Tennessee with a residence at 1919 Hildebrand Lane, Columbia, Tennessee 38401.

<u>JURISDICTION AND VENUE</u>

5.      The Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1332 and 1391(b).

6.      There is diversity of citizenship among the parties because plaintiffs are citizens of Tennessee and TOV and RENEGADE dba TOV FURNITURE are citizens of New York.

2

7. The amount in controversy exceeds $75,000 exclusive of interest and costs.

8. Venue in the Middle District of Tennessee is proper because a substantial part of the events giving rise to the action occurred within the district.

<u>THE UNDERLYING ACTION</u>

9. Plaintiffs allege that their minor child suffered severe injury on May 11, 2024, as a result of strict product liability, breach of express warranty, improper installation and/or assembly of a product known as follows: Antica Blue 97" Entertainment Hutch; Antica Blue 97" Entertainment Console; and Antica Blue 97" Entertainment Piers (the "entertainment center").

10. The entertainment center was purchased through a website operated by Defendant/Second-Third-Party Plaintiff. A copy of the underlying Complaint is attached as Exhibit "A." A copy of the Amended Complaint adding Defendant Supreme Final Mile, Inc., is attached as Exhibit "B." A copy of the Second Amended Complaint adding causes of action sounding in Strict Product Liability and Breach of Express Warranty is attached as Exhibit "C."

11. WAYFAIR answered the Complaint, the Amended Complaint and the Second Amended Complaint. Copies of the Answers are attached as Exhibits "D", "E" and "F."

12. WAYFAIR asserted the affirmative defense of comparative fault as against of Supreme Final Mile, Inc., and its subcontractor, known as IC BNR Transports, and raised crossclaims as against Supreme Final Mile, Inc.

13. Plaintiffs allege that the minor plaintiff E.W. sustained bodily injury after the top piers and hutch of an entertainment center fell forwards towards the floor and came into contact with her. *Second Amended Complaint* at ¶ ¶43-35.

14. Plaintiffs allege that "[t]he entertainment center was in a defective and unreasonably dangerous condition" and that the "product at issue was more dangerous than an

3

ordinary consumer would reasonably expect and would not have been offered for sale by a reasonably careful seller who knew of its dangerous characteristics." *Amended Complaint* at ¶¶77-78.

15.     Plaintiffs alleged that "[t]he entertainment center was in a defective and unreasonably dangerous condition at the time it left WAYFAIR's control. Specifically, it was unstable and dangerous due to its <u>design</u>. . . ." ¶76 (emphasis added)

16.     Plaintiffs further allege that "[t]he unstable nature of the entertainment center posed a foreseeable risk of serious injury, particularly to small children in home environments, and rendered the product unreasonably dangerous and defective under Tennessee law" and "[a]s a direct and proximate result of the unreasonably dangerous and defective condition of the entertainment center, the minor plaintiff suffered catastrophic injuries." *Amended Complaint* at ¶¶79-80.

17.     TOV supplied the entertainment center that WAYFAIR sold to Plaintiffs, pursuant to the Supplier Agreement entered between TOV and WAYFAIR (the "Agreement"). A copy of the Agreement is attached as Exhibit "G."

18.     The entertainment center components were provided by TOV in sealed boxes.

19.     RENEGADE dba TOV supplied the entertainment center that WAYFAIR sold to Plaintiffs, pursuant to the Supplier Agreement entered between RENEGADE dba TOV and WAYFAIR (the "Agreement"). A copy of the Agreement is attached as Exhibit "G."

20.     The entertainment components were provided by RENEGADE dba TOV in sealed boxes.

21.     All instructional materials, manuals and product warning information were supplied by TOV in the sealed boxes.

4

22. All instructional materials, manuals and product warning information were supplied by RENEGADE dba TOV in the sealed boxes.

23. WAYFAIR did not design, manufacture or construct the entertainment center product or any part thereof as contained in the aforementioned sealed boxes.

24. WAYFAIR did not draft, edit or prepare the written instructions, information or warnings supplied with the entertainment center product.

AGREEMENT

25. Prior to the injury alleged in the Complaint, and on or about July 18, 2013, RENGADE dba TOV entered into a Supplier Agreement ("Agreement") with WAYFAIR to supply furniture products to be sold by WAYFAIR to the general product. A copy of the Agreement is attached as Exhibit "G."

26. Prior to the injury alleged in the Complaint, and on or about July 18, 2013, TOV entered into a Supplier Agreement ("Agreement") with WAYFAIR to supply furniture products to be sold by WAYFAIR to the general product. A copy of the Agreement is attached as Exhibit "G."

27. Section 7 of the Agreement requires TOV to defend, indemnify, and hold harmless WAYFAIR and its affiliates and subsidiaries from, *inter alia*:

> any and all damages, injuries, liabilities. settlements, royalties, penalties, fines, costs, and expenses (including, without limitation, fees and disbursements of counsel) and losses of every kind and nature whatsoever (collectively, **"Losses"** ) incurred by an Indemnified Party arising out of or in any way relating to any actual or alleged third party claim, demand, action, lawsuit. or proceeding, including but not limited to infringement of *any* intellectual property right (a **"Claim"),** and even if such Claim may be false, fraudulent, or groundless, arising from or in connection with any breach of the Indemnifying Party's obligations. representations, or warranties under this Agreement. No settlement of any such Claim may be made without the Indemnified Party' s prior written consent to the terms of settlement, which consent shall not be unreasonably withheld or delayed. An Indemnified Party will have the right to participate in the defense of any such Claim at its own

expense. If an Indemnified Party notifies the Indemnifying Party of a Claim ("Claim **Notice"),** the Indemnifying Party shall provide prompt assurance of its ability and intent to indemnify the Indemnified Party, to the Indemnified Party's reasonable satisfaction, and the Indemnifying Party shall commence to defend such Claim. at its sole cost and expense. within 5 days of said Claim Notice. If the Indemnifying Party fails to provide such assurance or commence such defense within such 5 day period, in addition to the other rights and remedies available to the Indemnified Party at law or in equity, the Indemnified Party may, at its option, assume !he defense or settlement of such Claim in its own name, and all recoveries from such Claim (including reasonable attorneys' fees) in defending such Claim and all damages or settlement costs arising therefrom, shall be the Indemnifying Party's sole responsibility.

28. Section 7 of the Agreement requires RENEGADE dba TOV to defend, indemnify,

and hold harmless WAYFAIR and its affiliates and subsidiaries from, *inter alia*:

any and all damages, injuries, liabilities. settlements, royalties, penalties, fines, costs, and expenses (including, without limitation, fees and disbursements of counsel) and losses of every kind and nature whatsoever (collectively, **"Losses" )** incurred by an Indemnified Party arising out of or in any way relating to any actual or alleged third party claim, demand, action, lawsuit. or proceeding, including but not limited to infringement of *any* intellectual property right (a **"Claim"),** and even if such Claim may be false, fraudulent, or groundless, arising from or in connection with any breach of the Indemnifying Party's obligations. representations, or warranties under this Agreement. No settlement of any such Claim may be made without the Indemnified Party' s prior written consent to the terms of settlement, which consent shall not be unreasonably withheld or delayed. An Indemnified Party will have the right to participate in the defense of any such Claim at its own expense. If an Indemnified Party notifies the Indemnifying Party of a Claim ("Claim **Notice"),** the Indemnifying Party shall provide prompt assurance of its ability and intent to indemnify the Indemnified Party, to the Indemnified Party's reasonable satisfaction, and the Indemnifying Party shall commence to defend such Claim. at its sole cost and expense. within 5 days of said Claim Notice. If the Indemnifying Party fails to provide such assurance or commence such defense within such 5 day period, in addition to the other rights and remedies available to the Indemnified Party at law or in equity, the Indemnified Party may, at its option, assume !he defense or settlement of such Claim in its own name, and all recoveries from such Claim (including reasonable attorneys' fees) in defending such Claim and all damages or settlement costs arising therefrom, shall be the Indemnifying Party's sole responsibility.

29. WAYFAIR has made demands for indemnification as required by the Agreement.

6

30. TOV has refused to indemnify and defend WAYFAIR.

31. RENEGADE dba TOV has refused to indemnify and defend WAYFAIR.

32. Section 8 of the Agreement requires TOV to purchase insurance naming WAYFAIR as an additional insured. Section 8 of the Agreement provides, in relevant part:

> Insurance. Supplier shall obtain and maintain, at its expense, commercial general, umbrella and/or excess liability insurance with limits of at least $1,000,000 per occurrence and $5,000,000 in the aggregate covering liabilities caused by or occurring in connection with this Agreement and/or the offering or sale of the Merchandise from an insurer having a current AM. Best rating of A+ or better. Supplier shall name WAYFAIR as an additional insured under its insurance policies. . . .

33. Section 8 of the Agreement requires RENEGADE dba TOV to purchase insurance naming WAYFAIR as an additional insured. Section 8 of the Agreement provides, in relevant part:

> Insurance. Supplier shall obtain and maintain, at its expense, commercial general, umbrella and/or excess liability insurance with limits of at least $1,000,000 per occurrence and $5,000,000 in the aggregate covering liabilities caused by or occurring in connection with this Agreement and/or the offering or sale of the Merchandise from an insurer having a current AM. Best rating of A+ or better. Supplier shall name WAYFAIR as an additional insured under its insurance policies. . . .

34. TOV failed to purchase insurance as required by the Agreement.

35. RENEGADE dba TOV failed to purchase insurance as required by the Agreement.

<u>DESIGN, MANUFACTURE AND PREPARATION OF INSTRUCTIONS AND WARNINGS</u>

36. TOV was responsible for the design, manufacture, construction, product safety, testing, certification and supply of the product identified in the underlying Complaint.

37. TOV, or a subsidiary, licensee or affiliate, designed, manufactured, constructed, tested, obtained any required certification for, and supplied the product identified in the Complaint.

38. The design, manufacture, construction, product safety, testing, certification and supply of the product identified in the Complaint are the duties and responsibilities of TOV as defined in the Agreement.

39. RENEGADE dba TOV was responsible for the design, manufacture, construction, product safety, testing, certification and supply of the product identified in the underlying Complaint.

40. RENEGADE dba TOV, or a subsidiary, licensee or affiliate, designed, manufactured, constructed, tested, obtained any required certification for, and supplied the product identified in the Complaint.

41. The design, manufacture, construction, product safety, testing, certification and supply of the product identified in the Complaint are the duties and responsibilities of RENEGADE dba TOV as defined in the Agreement.

## AS AND FOR A FIRST CAUSE OF ACTION FOR BREACH OF THE CONTRACTUAL INDEMNIFICATION OBLIGATION

42. WAYFAIR repeats, reiterates and realleges each and every allegation contained in Paragraphs "1" through "39" herein, with the same force and effect as if set forth at length herein.

43. TOV is contractually obligated to defend, indemnify, and hold harmless WAYFAIR and its affiliates from "any and all damages, injuries, liabilities, settlements" arising from the underlying Complaint.

44. TOV has failed to satisfy its contractual obligations.

45. TOV has breached the Agreement by failing and/or refusing to indemnify WAYFAIR in the captioned matter.

46. WAYFAIR has been damaged as a result of the breach of the Agreement.

8

47.	By reason of the foregoing, the WAYFAIR is entitled to indemnity from and for judgment over and against TOV together with all attorneys' fees and expenses incurred by the Defendants/Second Third-Party Plaintiffs herein.

48.	RENEGADE dba TOV is contractually obligated to defend, indemnify, and hold harmless WAYFAIR from "any and all damages, injuries, liabilities, settlements" arising from the underlying Complaint.

49.	RENEGADE dba TOV has failed to satisfy its contractual obligations.

50.	RENEGADE dba TOV has breached the Agreement by failing and/or refusing to indemnify WAYFAIR in the captioned matter.

51.	WAYFAIR has been damaged as a result of the breach of the Agreement.

52.	By reason of the foregoing, the WAYFAIR is entitled to indemnity from and for judgment over and against RENEGADE dba TOV together with all attorneys' fees and expenses incurred by the Defendants/Second Third-Party Plaintiffs herein.

<u>AS AND FOR A SECOND CAUSE OF ACTION FOR BREACH OF THE CONTRACTUAL INSURANCE PURCHASING OBLIGATION</u>

53.	WAYFAIR repeats, reiterates and realleges each and every allegation contained in Paragraphs "1" through "50" herein, with the same force and effect as if set forth at length herein.

54.	RENEGADE dba TOV breached the Agreement by failing to purchase insurance providing coverage to WAYFAIR as an additional insured for loss arising from the aforementioned duties and responsibilities described in the Agreement.

55.	RENEGADE dba TOV was contractually obligated to purchase insurance providing coverage to WAYFAIR as an additional insured for loss arising from the duties and obligations described in the Agreement.

9

56. The underlying Complaint alleges loss arising from the duties and obligations described in the Agreement.

57. RENEGADE dba TOV failed to satisfy its contractual obligations.

58. RENEGADE dba TOV breached the Agreement by failing to purchase insurance as required by the Agreement.

59. WAYFAIR has been damaged as a result of the breach of the Agreement.

60. By reason of the foregoing, WAYFAIR is entitled to damages from and for judgment over and against the RENEGADE dba TOV together with all attorneys' fees and expenses incurred by the Defendants/Second-Third-Party Plaintiffs herein.

## AS AND FOR A THIRD CAUSE OF ACTION FOR COMMON LAW INDEMNIFICATION

61. WAYFAIR repeats, reiterates and realleges each and every allegation contained in Paragraphs "1" through "58" herein, with the same force and effect as if set forth at length herein.

62. That if Plaintiffs sustained any damages at the time and in the manner alleged in Plaintiffs' Complaint, Amended Complaint and Second Amended Complaint, all of which are denied by WAYFAIR, such damages were caused wholly and solely by the reason of the negligence, recklessness, carelessness and/or breach of duty by RENEGADE dba TOV by itself and/or its subsidiaries, licensees and/or affiliates by negligent design, manufacture, construction, product safety, testing, certification and supply of the product identified in the Complaint and other negligence without any negligence or fault on the part of WAYFAIR contributing thereto.

63. That if WAYFAIR is held liable to plaintiffs herein, such liability arises out of the negligence, carelessness, recklessness and/or breach of duty of RENEGADE dba TOV, its agents, servants, and/or their employees, either by themselves or in conjunction with other parties over which WAYFAIR had no control, by recklessly, negligently, and carelessly failing to adequately supervise

its employees and by negligent design, manufacture, construction, product safety, testing, certification and supply of the product identified in the Complaint without any negligence or fault on the part of WAYFAIR contributing thereto.

64. That by reason of Second-Third-Party Defendant RENEGADE dba TOV's negligence, carelessness, recklessness and/or breach of contractual obligation, RENEGADE dba TOV will be liable over, and for common law indemnification to WAYFAIR for the full amount of any recovery claimed as against WAYFAIR, who are bound to pay any and all attorneys' fees and costs of investigation and disbursements.

65. By reason of the foregoing, WAYFAIR demands judgment for full common law indemnification from Second-Third-Party Defendant RENEGADE dba TOV for an amount to be determined and adjudicated at trial, plus all legal fees, costs, disbursements and expenses incurred in connection with the defense of this action.

66. That if Plaintiffs sustained any damages at the time and in the manner alleged in Plaintiffs' Complaint, Amended Complaint and Second Amended Complaint, all of which are denied by WAYFAIR, such damages were caused wholly and solely by the reason of the negligence, recklessness, carelessness and/or breach of duty of by TOV by itself and/or its subsidiaries, licensees and/or affiliates by negligent design, manufacture, construction, product safety, testing, certification and supply of the product identified in the Complaint and other negligence without any negligence or fault on the part of WAYFAIR contributing thereto.

67. That if WAYFAIR is held liable to plaintiffs herein, such liability arises out of the negligence, carelessness, recklessness and/or breach of duty of TOV, its agents, servants, and/or their employees, either by themselves or in conjunction with other parties over which WAYFAIR had no control, by recklessly, negligently, and carelessly failing to adequately supervise its employees and

11

by negligent design, manufacture, construction, product safety, testing, certification and supply of the product identified in the Complaint without any negligence or fault on the part of WAYFAIR contributing thereto.

68. That by reason of Second-Third-Party Defendant TOV's negligence, carelessness, recklessness and/or breach of contractual obligation, TOV will be liable over, and for common law indemnification to WAYFAIR for the full amount of any recovery claimed as against WAYFAIR, who are bound to pay any and all attorneys' fees and costs of investigation and disbursements.

69. By reason of the foregoing, WAYFAIR demands judgment for full common law indemnification from Second-Third-Party Defendant TOV for an amount to be determined and adjudicated at trial, plus all legal fees, costs, disbursements and expenses incurred in connection with the defense of this action.

<u>AS AND FOR A FOURTH CAUSE OF ACTION FOR NEGLIGENCE</u>

70. WAYFAIR repeats, reiterates and realleges each and every allegation contained in Paragraphs "1" through "67" herein, with the same force and effect as if set forth at length herein.

71. RENEGADE dba TOV owed a duty to WAYFAIR to ensure that the product was designed, manufactured, tested, certified and provided with adequate warnings and instructions with reasonable care, in a good, suitable, and workmanlike manner and in accordance with accepted industry standards and practices, such that the product and all instructions and warnings would be in compliance with all applicable law, codes, rules, and regulations and other governmental requirements and to otherwise provide a product that was not defective and unreasonably dangerous as alleged by Plaintiffs herein, all of which is denied.

72.     If plaintiffs' allegations are true then RENEGADE dba TOV breached its duty to WAYFAIR  by designing, manufacturing, testing, and providing warnings for the product in a negligent fashion and contrary to accepted industry standards and practices, as a consequence of which negligence, the product failed to comply in various respects with applicable codes, rules, regulations and other governmental requirements.

73.     If plaintiff's allegations are true, then WAYFAIR  have been damaged by RENEGADE dba TOV's negligence, and RENEGADE dba TOV will be liable, among other things, for the full amount of any recovery obtained against WAYFAIR, including but not limited to the payment of any judgment rendered against it and for all of WAYFAIR's attorneys' fees, costs, and disbursements.

74.     TOV owed a duty to WAYFAIR  to ensure that the product was designed, manufactured, tested, certified and provided with adequate warnings and instructions with reasonable care, in a good, suitable, and workmanlike manner and in accordance with accepted industry standards and practices, such that the product and all instructions and warnings would be in compliance with all applicable law, codes, rules, and regulations and other governmental requirements and to otherwise provide a product that was not defective and unreasonably dangerous as alleged by Plaintiffs herein, all of which is denied.

75.     If plaintiffs' allegations are true then TOV breached its duty to WAYFAIR  designing, manufacturing, testing, and providing warnings for the product in a negligent fashion and contrary to accepted industry standards and practices, as a consequence of which negligence , the product failed to comply in various respects with applicable codes, rules, regulations and other governmental requirements. requirements and allegedly negligently or improperly causing the injuries alleged herein.

76. If plaintiff's allegations are true, then WAYFAIR have been damaged by TOV's negligence, and TOV will be liable, among other things, for the full amount of any recovery obtained against WAYFAIR, including but not limited to the payment of any judgment rendered against it and for all of WAYFAIR's attorneys' fees, costs, and disbursements.

## AS AND FOR A FIFTH CAUSE OF ACTION FOR CONTRIBUTION

77. WAYFAIR repeats, reiterates and realleges each and every allegation contained in Paragraphs "1" through "74" herein, with the same force and effect as if set forth at length herein.

78. That if Plaintiffs are awarded judgment and/or recover damages from WAYFAIR, WAYFAIR will be entitled to a claim over and against Second-Third-Party Defendants for an apportionment of liability and damages by reason of their failure to ensure that the product was designed, manufactured, tested, certified and provided with adequate warnings and instructions with reasonable care, in a good, suitable, and workmanlike manner and in accordance with accepted industry standards and practices, such that the product and all instructions and warnings would be in compliance with all applicable law, codes, rules, and regulations and other governmental requirements and to otherwise provide a product that was not defective and unreasonably dangerous as alleged by Plaintiffs herein, without any negligence or fault on the part of WAYFAIR contributing thereto. WAYFAIR is entitled to contribution from Second-Third-Party Defendants.

79. That WAYFAIR demands judgment over and against Second-Third-Party Defendants RENEGADE dba TOV and TOV for the amount and/or share of liability and damages proportionate to Second-Third-Party Defendants TOV's and RENEGADE dba TOV's responsibility for and/or causation of the alleged defective condition that resulted in Plaintiff's alleged incident and damages.

14

**WHEREFORE**, WAYFAIR demands judgment against RENEGADE dba TOV and TOV as follows:

a.    Awarding to WAYFAIR damages for breach of the indemnification agreement loss, costs and expenses, including attorneys fees, incurred by WAYFAIR in the defense of the underlying action, together with interest at the statutory rate;

b.    Awarding to WAYFAIR damages for breach of the insurance purchasing obligation loss, costs and expenses, including attorney fees, incurred by WAYFAIR in the defense of the underlying action, together with interest at the statutory rate;

c.    Awarding to WAYFAIR damages for any negligence by Second-Third Party Defendants together with interest, costs, disbursements and reasonable attorneys' fees for any sum awarded to Plaintiffs herein;

d.    Awarding to WAYFAIR damages for contribution from Second-Third Party Defendants, for any damages alleged to have been sustained by the plaintiff and WAYFAIR herein based upon Third Party Defendants' negligence, recklessness, carelessness, breach of contract, together with interest, costs, disbursements and reasonable attorneys' fees for any amount awarded to Plaintiffs herein;

e.    Awarding such other and further relief as this Court deems just and proper.

**LONDON FISCHER, LLP**

_____
**ROBERT D. MARTIN, ESQ.**
**NEW YORK STATE BAR NO. 2381762**
59 Maiden Lane
New York, NY 10038
(212) 331-9450
Email: rmartin@londonfischer.com

**-and-**

**LEWIS THOMASON, PC.**

_/s/ John R. Tarpley_____
**JOHN R. TARPLEY, (BPR # 009661)**
LEWIS THOMASON, P.C.
424 Church Street, Suite 2500
Nashville, TN 37219
e-mail: jtarpley@lewisthomason.com
direct line: (615) 259-1395

_Attorneys for Defendant WAYFAIR, Inc._

## CERTIFICATE OF SERVICE

I hereby certify that on this the 21st day of November, 2025, a copy of the foregoing Second-Third-Party Complaint of WAYFAIR LLC i/s/h/a WAYFAIR, INC. was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

Tony Seaton, Esq.
Garza Law Firm
118 East Watauga Avenue
Johnson City, TN 37601
423-282-1041
Fax: 423-282-0967
Email: tseatonlaw@gmail.com

Jason Fitterer
Attorney for Defendant Supreme Final Mile, Inc.
Croke Fairchild Duarte & Beres
191 N. Wacker
31st Floor
Chicago, IL. 60606
Email: jfitterer@crokefairchild.com

Michael L. Rice
Attorney for Defendant Supreme Final Mile, Inc.
Croke Fairchild Duarte & Beres
191 N. Wacker
31st Floor
Chicago, IL. 60606
Email: mrice@crokefairchild.com

Sarah Byer Miller
Attorney for Defendant Supreme Final Mile, Inc.
Bass, Berry & Sims PLC (Nashville Office)
21 Platform Way South
Suite 3500
Nashville, TN. 37203
615-742-4144
Email: smiller@bassberry.com

_/s/ John R. Tarpley_
John R. Tarpley