# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### AT COLUMBIA

FLOYD WHITE *individually and for the* )
*benefit of E.W., a minor child, et al.* )
                               )     **Case No. 1:24-cv-00094**
v.                              )
                               )
WAYFAIR, INC. *et al.*            )

TO:  The Honorable William L. Campbell, Jr., United States District Judge

## REPORT AND RECOMMENDATION

For the reasons discussed below, the undersigned respectfully recommends that the claims asserted by Defendant Supreme Final Mile, Inc. against third-party Defendant BNR Transportation, LLC be dismissed without prejudice under Fed. R. Civ. P. 4(m).[1]

Rule 4(m) mandates that if a defendant is not served with process within 90 days of the filing of the complaint, "the court – on motion or on its own after notice to the plaintiff – **must** dismiss the action without prejudice against that defendant." Fed. R. Civ. P. 4(m) (emphasis added). Rule 4(m) also provides that the court may "order that service be made within a specified time." *Id.* Rule 4(m) also directs that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

Supreme Final Mile, in the capacity of third-party plaintiff, filed claims against BNR Transportation in this case on May 5, 2025. (Docket No. 41.) Under Rule 4(m), BNR Transportation, LLC should have been served with process by  no  later  than  August 4, 2025. The Court provided Supreme Final Mile with extensions of the deadline to serve BNR Transportation with process in compliance with Rule 4 on August 4, August 13, September 2,

---

[1] Unless otherwise noted, all references to rules are to the Federal Rules of Civil Procedure.

September 29, and October 2, 2025. (Docket Nos. 51, 53, 58, 63, 67.) On October 3, 2025, the Court received an affidavit from the Tennessee Secretary of State stating that it mailed "certified copies of the process, notice, or demand" to BNR Transportation but received no response or return-receipt. (Docket No. 68 at 2.) Accordingly, the Tennessee Secretary of State returned the original process, notice, or demand to the Court. (*Id.*) However, the Court found that Supreme Final Mile had not made any other filings related to service on BNR Transportation. (Docket No. 74.) Accordingly, on December 18, 2025, the Court ordered as follows:

> [B]y no later than January 14, 2026, Supreme Final Mile must show cause why the claims against BNR Transportation should not be dismissed without prejudice under Fed. R. Civ. P. 4(m).

(*Id.* at 1.)

On January 5, 2026, Supreme Final Mile filed a suggestion of bankruptcy giving notice that it filed for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of Texas on January 2, 2026, as Case No. 26-10004-SMR. (Docket No. 77.) On January 8, 2026, the Court entered an order clarifying that the automatic stay applied only to claims against Supreme Final Mile and did not affect proceedings as to other parties to this case. (Docket No. 81.)

Although all claims **against** Supreme Final Mile are stayed, the chapter 7 trustee administering Supreme Final Mile's bankruptcy estate can, arguably, elect to proceed with Supreme Final Mile's claims against BNR Transportation. Neither Supreme Final Mile nor the chapter 7 trustee has shown cause why the claims that Supreme Final Mile asserted against BNR Transportation should not be dismissed without prejudice under Rule 4(m). Indeed, it appears from publicly available filings in the Supreme Final bankruptcy case that the claims against BNR

2

Transportation were neither included in Supreme Final Mile's bankruptcy schedules nor specifically identified in the statement of financial affairs.

The claims asserted by Supreme Final Mile against BNR Transportation have now been pending for more than one year without service of process; far beyond the 90 days permitted by Rule 4(m). Even with multiple extensions, Supreme Final Mile did not serve BNR Transportation with process. The plain language of Rule 4(m) requires that, under these circumstances, the claims be dismissed without prejudice.

### RECOMMENDATION

Based on the foregoing, it is respectfully **RECOMMENDED** that the claims asserted by Defendant/Third-Party Plaintiff Supreme Final Mile, Inc. against third-party Defendant BNR Transportation, LLC be **DISMISSED WITHOUT PREJUDICE** under Rule 4(m) and Rule 21.[2]

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation by first class mail only to Supreme Final Mile's bankruptcy counsel:

Goldstein & McClintock LLLP
Attn: Matthew E. McClintock and William H. Thomas
111 Washington Street, Suite 1221
Chicago, IL 60602

and to counsel for the chapter 7 trustee:

Raymond Urbanik
Urbanik LLC
13785 Research Blvd., Suite 125
Austin, TX 78750

---

[2] Defendant Supreme Final Mile was previously put on notice of the possibility that failure to serve BNR Transportation with process could result in dismissal of BNR Transportation from this case under Rule 4(m). (Docket No. 63 at 2.) This Report and Recommendation constitutes further notice to affected parties.

**ANY OBJECTIONS** to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Fed. R. Civ. P. 72(b)(2) and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Any response to objections must be filed within fourteen (14) days of service of the objections.  Fed. R. Civ. P. 72(b) and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge

4