# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
## COLUMBIA DIVISION

| | | |
|---|---|---|
| **FLOYD WHITE, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **NO. 1:24-cv-00094** |
| **WAYFAIR LLC, et al.,** | ) | |
| | ) | **JUDGE CAMPBELL** |
| **Defendants.** | ) | **MAGISTRATE JUDGE HOLMES** |
| | ) | |
| | ) | |
| **WAYFAIR, LLC,** | ) | |
| | ) | |
| **Third-Party Plaintiff** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **TOV FURNITURE, INC. and** | ) | |
| **RENEGADE FURNITURE GROUP,** | ) | |
| **INC., d/b/a TOV FURNITURE,** | ) | |
| | ) | |
| **Third-Party Defendants** | ) | |

## MEMORANDUM AND ORDER

Pending before the Court are motions to dismiss filed by third-party defendants TOV Furniture Inc. ("TOV") and Renegade Furniture Group Inc. d/b/a TOV Furniture ("Renegade"). (Doc. Nos. 78. 79). Plaintiffs Floyd and Hylin White and Third-Party Plaintiff Wayfair LLC responded to the motions (Doc. Nos. 82, 88, 89). TOV and Renegade each filed a reply. (Doc. Nos. 90, 91). For the reasons stated herein, the motions to dismiss are **DENIED**.

## I.    BACKGROUND

Floyd and Hylin White (the "Whites") initiated this lawsuit in October 2024, after an entertainment center they purchased from Wayfair LLC ("Wayfair") fell on their infant daughter

causing life-threatening injuries. As Magistrate Judge Holmes aptly summarized, several parties have come and gone from this lawsuit. (*See* Doc. No. 103 at 2 (recounting the procedural history)). At present, the Third Amended Complaint, filed May 26, 2026, is the primary operative complaint. It names as defendants Wayfair and two companies allegedly responsible for the delivery and assembly of the entertainment center – Supreme Final Mile, Inc. and BNR Transportation LLC.[1] (*See* Doc. No. 104). Wayfair asserts the affirmative defense of comparative fault against Supreme Final Mile, and its subcontractor BNR Transports, and raises cross claims against Supreme Final Mile.

Wayfair filed a third-party complaint against two additional companies alleged to be the supplier(s) of the entertainment center – TOV Furniture Inc. ("TOV") and Renegade Furniture Group, Inc. d/b/a TOV Furniture ("Renegade"). (Second Third-Party Complaint ("STPC"), Doc. No. 71).[2]

In the STPC, Wayfair first points to Plaintiffs' claim that the entertainment center was in a "defective an unreasonably dangerous condition." (STPC ¶¶ 14-16 (citing Second Amended Compl. ¶¶ 77-78)). Wayfair alleges TOV and/or Renegade supplied the entertainment center to Wayfair pursuant a Supplier Agreement and that the entertainment center was supplied in sealed boxes that also contained any instructional materials, manuals, and product warning information.

---

[1] Supreme Final Mile, Inc. filed a suggestion of bankruptcy on January 5, 2026. (Doc. No. 77). Accordingly, the claims against it are subject to automatic stay under 11 U.S.C. § 362. BNR Transportation has not been served. In the Third Amended Complaint, Plaintiffs state that "BNR appears to have ceased operations and cannot presently be located." (Doc. No. 104, ¶ 6).

[2] The first Third-Party Complaint was filed by Defendant Supreme Final Mile, Inc., against BNR Transport, LLC. (Doc. No. 41). Those claims were dismissed for failure to effect service of process under Fed. R. Civ. P. 4(m). (*See* Report and Recommendation, Doc. No. 102; *adopted and affirmed by* Doc. No. 111).

(TPC ¶¶ 17-22). Wayfair alleges that TOV, Renegade, and/or a subsidiary were responsible for the design, manufacture, construction, product safety, testing, certification, and supply of the entertainment center.[3] (¶¶ 36-41). Wayfair further claims that the supplier agreement obligated TOV and/or Renegade to indemnify and defend Wayfair. Pursuant to the supplier agreement, TOV and/or Renegade agreed to indemnify, defend, and hold harmless Wayfair for certain losses and to purchase insurance naming Wayfair as an additional insured. (¶¶ 25-33). Wayfair alleges that TOV and Renegade have refused to indemnify and defend Wayfair and failed to purchase insurance as required by the Supplier Agreement. (¶¶ 30-31, 34, 35). Wayfair brings claims against TOV and Renegade for breach of the Supplier Agreement (Claims 1 and 2), indemnification (Claim 3), negligence (Count 4), and contribution (Count 5).

TOV and Renegade move to dismiss Wayfair's claims under Federal Rule of Civil Procedure 12(b)(6). (Doc. Nos. 78, 79). Wayfair responded in opposition to each motion. (Doc. Nos. 88, 89). The Whites also filed a response. (Doc. No. 82). Wayfair replied to responses filed by TOV and Renegade. (Doc. Nos. 90, 91).

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint for failure to state a claim upon which relief can be granted. For purposes of a motion to dismiss, a court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Id*. at 678. A claim has facial

---

[3]     This allegation is restated multiple times with slightly different verbiage. (*See* TPC, ¶¶ 36, 39 (alleging that TOV and Renegade were "responsible for" these actions); ¶¶ 37, 40 (that they engaged in these actions); and ¶¶ 38, 41 (that the actions are the "duties and responsibilities of [TOV and Renegade] as contemplated in the [Supplier] Agreement")).

plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. In reviewing a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepts its allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Thus, dismissal is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Guzman v. U.S. Dep't of Children's Servs.*, 679 F.3d 425, 429 (6th Cir. 2012).

In considering a Rule 12(b)(6) motion, the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to a defendant's motion to dismiss provided they are referred to in the complaint and are central to the claims. *Bassett v. National Collegiate Athletic Assn.*, 528 F.3d 426, 430 (6th Cir. 2008). The Court has not considered the exhibits attached to or included Wayfair's responses, which are photographs taken by the Whites' expert and assembly instructions. (*See* Doc. Nos. 88-1, 88-2; Doc. No. 89 at PageID# 813).

### III.     ANALYSIS

**A.     Renegade**

Renegade argues Wayfair's claims fail because the Whites' claims are premised on alleged improper assembly and installation of the entertainment center, not the defective or unreasonably dangerous nature of the product when it left Renegade's control.[4] (*See* Doc. No. 79-1 at 7 (arguing

---

[4] The Court notes that the relevant allegations in the Third Amended Complaint differ from the allegations in the Second Amended Complaint. (*Compare* Doc. No. 52, ¶¶ 74-80, *with* Doc. No. 104, ¶¶ 25, 55-59). The Third Amended Complaint alleges that "the product as delivered lacked the flat bracket hardware required to connect the upper tower sections to the lower base console and lacked the anti-tip wall straps required to secure the unit against the wall." (Doc. No. 104 ¶ 57). The Third Amended Complaint also alleges that the safety hardware was later found

4

Wayfair fails to state a claim for breach of contract because the Whites assert liability based on the improper assembly and installation of the entertainment center, which are "not related in any way to Renegade or the Supplier Agreement" and, therefore, do not trigger the indemnity or insurance provisions); *id*. at 9-11 (arguing that "there can be no indemnity when one party is required to defend itself for allegations of its own negligence rather than allegations against a manufacturer"); *id*. at 13 (arguing the negligence claim fails because the Whites "only allege the furniture was defective 'if not properly installed,' and do not allege that it was defective at the time it left Renegade's control") (internal citations omitted); *id*. at 14 (arguing the contribution claim fails because Wayfair has not alleged facts demonstrating that the entertainment center was defective or unreasonably dangerous when it left Renegade's control)).

Wayfair argues it has adequately alleged that the entertainment center supplied by Renegade was in a defective condition when it left Renegade's control and that Renegade's motion to dismiss based on the Whites' allegations regarding installation of the entertainment center should be denied. In other words, notwithstanding the Whites' allegations of improper assembly, Wayfair alleges that if the Whites sustained any damages at the time and in the manner alleged in their complaint, Renegade is responsible because it supplied a defective product. In addition, Wayfair alleges that Renegade breached the Supplier Agreement by supplying a defective product, thus triggering the indemnification and insurance provisions within the Agreement.

Construing the allegations in the light most favorable to Wayfair, that the entertainment center toppled over unexpectedly and that Renegade supplied the entertainment center and accompanying instructional materials, manuals, and product warning information in sealed boxes

---

"in their original factory packaging, stapled to the back of the unit's columns – exactly as received from the manufacturer." (*Id*. ¶ 25).

raises a plausible inference that the entertainment center was defective at the time it left Renegade's control. Whether this will be proven during discovery remains to be seen. Maybe the entertainment center was defective and dangerous, as supplied by Renegade and or TOV. Or maybe it was improperly installed. Or maybe fault will be attributable to something or someone else. Discovery will shed light on these questions. For now, at the pleadings stage, Wayfair has plausibly stated claims against Renegade for breach of contract, contribution, negligence, and indemnification. Accordingly, Renegade's motion to dismiss is denied.

**B.     TOV**

TOV moves to dismiss the claims against because TOV Furniture Inc. and Renegade Furniture Group, Inc. d/b/a TOV Furniture are distinct entities, only "Renegade Furniture dba TOV Furniture" is party to the Supplier Agreement, and TOV is therefore not the correct entity. TOV acknowledges that Renegade has "at times used the 'dba TOV Furniture' moniker due to their similar ownership," but asserts that this does not merge the two corporations or pierce the corporate veil of Renegade. In the alternative, TOV argues it is entitled to dismissal for the reasons set forth in the motion to dismiss filed by Renegade that are discussed above.

Wayfair argues dismissal is not appropriate because the allegations in the Third-Party Complaint contain sufficient factual allegations from which to infer that Renegade and TOV are a single entity and/or that TOV responsible for any product defects that give rise to Wayfair's claims for breach of contract, indemnification, contribution, and negligence.

The Third-Party Complaint identifies two TOV entities and alleges the same causes of action against each. (Doc. No. 71). The entities both use the name "TOV Furniture," the contact email address provided in the Supplier Agreement is from TOV Furniture (bruce@tovfurniture.com), and the companies have very closely located principal places of

business at 333 and 337 Washington Avenue, Cedarhurst, New York. (Doc. No. 71 at ¶¶ 1, 2; Supplier Agreement, Doc. No. 71-7). One of the TOVs may be an improper party, but at this juncture, Wayfair has stated claims against both TOV Furniture, Inc. and Renegade Furniture, Inc. d/b/a TBA Furniture. Discovery may support TOV's argument, but the Court is limited to the pleadings at this stage. Therefore, TOV's motion to dismiss on grounds that it is not the correct entity is denied.

As for TOV's alternative grounds of dismissal, the STPC alleges the same facts and causes of action against Renegade and TOV. Accordingly, TOV's motion to dismiss on the grounds asserted by Renegade is denied for the same reasons Renegade's motion is denied.

### IV. CONCLUSION

For the reasons stated herein, the motions to dismiss (Doc. Nos. 78, 79) are **DENIED**.

It is so **ORDERED**.

WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE

7